IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELL INC. and DELL MARKETING L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:07-cv-00561 |
| v. | § | |
| | § | |
| THIS OLD STORE, INC., THOMAS SANTILLI, | § | |
| JOHN ASHBY a/k/a JOHN WILEY, JASON | § | |
| REESE, GEODYGM, LLC, MATTHEW | § | |
| MOWEN, BLUE TOOTH COMMUNICATIONS, | § | |
| EAG HOLDINGS, LLC, EDWARD GERALD, | § | |
| I-NET COMMUNICATIONS, TOMMIE | § | |
| OVERSTREET, ARA BUSINESS | § | |
| AUTOMATION, PAUL HEJL AND | § | |
| ASSOCIATES, OAK STUMP, LLC, TELA | § | |
| TECHNOLOGIES, JAIME FLORES a/k/a JAMIE | § | |
| FLORES a/k/a JEREMY FLORES, | § | |
| AUTOMATION DATA, 151 ENTERPRISES | § | |
| LLC, ERIC CHEN, BARGAIN CENTRAL, | § | |
| JEFF HASSE, PREMIER HEALTHCARE | § | |
| SERVICES, JPA ENGINEERING, AMY PHIL, | § | |
| TODD PHIL a/k/a TODD RANY, EDWARD | § | |
| FEDOROVICH, WETCURTAIN, SUE | § | |
| ASHBY, CHARLES ASHER, | § | |
| CTRL-ALT-DELETE, TRAVIS BUCKLEY, | § | |
| ACCUVEN, SCOTT BULLARD, | § | |
| and BRYAN ROBERTS, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT THIS OLD STORE'S
MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 2

ARGUMENT AND AUTHORITIES ......................................................................................... 3

   I.    DELL HAS COMPLIED WITH THE REQUIREMENTS OF NOTICE PLEADING ..... 3

      A.  The Standard for Granting a Motion to Dismiss ........................................................ 3

      B.  Rule 9 Applies Only to Plaintiffs' Fraud Claim ....................................................... 5

      C.  Dell Has Properly Pled Its Claims ............................................................................ 6

           1.  Federal Trademark Infringement ........................................................................ 6

           2.  Federal Unfair Competition ................................................................................ 8

           3.  Copyright Infringement ...................................................................................... 8

           4.  Trademark Infringement - Texas Common Law .................................................. 9

           5.  Unfair Competition - Texas Common Law ......................................................... 9

           6.  Injury to Business Reputation or Trade Name or Mark .................................... 10

           7.  Deceptive Trade Practices ................................................................................. 10

           8.  Fraud ................................................................................................................ 10

           9.  Conversion ........................................................................................................ 13

          10. Breach of Contract .......................................................................................... 13

          11. Tortious Inducement of a Breach of Contract .................................................. 14

          12. Tortious Interference with Prospective Economic Advantage ........................... 14

  II.    THE LAW DISFAVORS DISMISSAL ................................................................... 14

 III.    DELL NEED NOT PLEAD WITH GREATER PARTICULARITY ............................ 15

CONCLUSION ......................................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

All American Builders, Inc. v. All American Siding of Dallas, Inc.,
991 S.W.2d 484 (Tex. App.-Fort Worth 1999)....................................................................9

Aquila Sw. Pipeline, Inc., v. Harmony Exploration, Inc.,
48 S.W.3d 225 (Tex. App.-San Antonio, 2001) ...............................................................13

Boston Prof'l Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc.,
510 F.2d 1004 (5th Cir. 1975) ........................................................................................6, 8

Carson v. Dynegy, Inc.,
344 F.3d 446 (5th Cir. 2003) ...........................................................................................13

Conley v. Gibson,
355 U.S. 41 (1957)..............................................................................................................3

Elvis Presley Enters., Inc. v. Capece,
141 F.3d 188 (5th Cir. 1998) ..............................................................................................8

Frith v. Guardian Life Ins. Co. of Am.,
9 F. Supp. 2d 734 (S.D. Tex. 1998) .................................................................................15

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,
313 F.3d 305 (5th Cir. 2002) ..............................................................................................7

Hobbs v. Hawkins,
968 F.2d 471 (5th Cir. 1992) ..............................................................................................7

In re U.S. Abatement Corp.,
39 F.3d 556 (5th Cir. 1994) ................................................................................................4

Ingalls v. Edgewater Private Equity Fund III, L.P., No. Civ. A H-05-1392,
2005 WL 2647962 (S.D. Tex. 2005) ................................................................................10

Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,
677 F.2d 1045 (5th Cir. 1982) ..........................................................................................14

Laughlin Prods., Inc. v. ETS, Inc.,
257 F. Supp. 2d 863 (N.D. Tex. 2002) , aff'd 68 F.App'x. 976 (5th  Cir. 2003)..................9

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,
507 U.S. 163 (1993)............................................................................................................3

MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.,
    422 F. Supp. 2d 724 (N.D. Tex. 2006) ...................................................................8, 14

McArdle v. Mattel Inc.,
    456 F. Supp. 2d 769 (E.D. Tex. 2006) .................................................................3, 4

Meineke Discount Muffler v. Jaynes,
    999 F.2d 120 (5th Cir. 1993) ...............................................................................5

Scott Fetzer Co. v. House of Vacuums, Inc.,
    381 F.3d 477 (5th Cir. 2004) ...............................................................................7

Shushany v. Allwaste, Inc.,
    992 F.2d 517 (5th Cir. 1993) ...............................................................................12

Stubbs Collections, Inc.,
    2000 WL 381947 ...................................................................................................4, 5

Taylor Publ'g Co. v. Jostens, Inc.,
    216 F.3d 465 (5th Cir.2000) .................................................................................9

Tigue Inv. Co., v. Chase Bank of Texas, N.A., No. Civ. A. 3:03cv2490N,
    2004 WL 3170789 (N.D. Tex. Nov. 15, 2004).....................................................5, 6

Tuchman v. DSC Commc'ns Corp.,
    14 F.3d 1061 (5th Cir. 1994) ...............................................................................11

U.S. ex rel. King v. Alcon Labs, Inc.,
    232 F.R.D. 568 (N.D. Tex. 2005) .........................................................................11

U.S. ex rel. Thompson v. Columbia Healthcare Corp.,
    125 F.3d 899 (5th Cir. 1997) ...............................................................................11

Walker v. S. Cent. Bell Tel. Co.,
    904 F.2d 275 (5th Cir. 1990) ...............................................................................3

**STATUTES**

Fed. R. Civ. P. 8.......................................................................................................3, 12, 15

Fed. R. Civ. P. 9.......................................................................................................5, 10, 11, 12, 15

Tex. Bus. & Com. Code § 16.29..............................................................................10

15 U.S.C. §§ 1051 et seq...........................................................................................2

15 U.S.C. § 1114(1) ................................................................................................6

15 U.S.C. § 1125(a) ...............................................................................................8

17 U.S.C. §§ 101 et seq...........................................................................................8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELL INC. and DELL MARKETING L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:07-cv-00561 |
| v. | § | |
| | § | |
| THIS OLD STORE, INC., THOMAS SANTILLI, | § | |
| JOHN ASHBY a/k/a JOHN WILEY, JASON | § | |
| REESE, GEODYGM, LLC, MATTHEW | § | |
| MOWEN, BLUE TOOTH COMMUNICATIONS, | § | |
| EAG HOLDINGS, LLC, EDWARD GERALD, | § | |
| I-NET COMMUNICATIONS, TOMMIE | § | |
| OVERSTREET, ARA BUSINESS | § | |
| AUTOMATION, PAUL HEJL AND | § | |
| ASSOCIATES, OAK STUMP, LLC, TELA | § | |
| TECHNOLOGIES, JAIME FLORES a/k/a JAMIE | § | |
| FLORES a/k/a JEREMY FLORES, | § | |
| AUTOMATION DATA, 151 ENTERPRISES | § | |
| LLC, ERIC CHEN, BARGAIN CENTRAL, | § | |
| JEFF HASSE, PREMIER HEALTHCARE | § | |
| SERVICES, JPA ENGINEERING, AMY PHIL, | § | |
| TODD PHIL a/k/a TODD RANY, EDWARD | § | |
| FEDOROVICH, WETCURTAIN, SUE | § | |
| ASHBY, CHARLES ASHER, | § | |
| CTRL-ALT-DELETE, TRAVIS BUCKLEY, | § | |
| ACCUVEN, SCOTT BULLARD, | § | |
| and BRYAN ROBERTS, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT THIS OLD STORE'S
MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

Plaintiffs, Dell Inc. and Dell Marketing L.P. (collectively "Dell"), respectfully submit this

memorandum in opposition to the Motion to Dismiss or for More Definite Statement filed by

Defendant, This Old Store, Inc. (hereinafter "This Old Store" or "Defendant").

1

## INTRODUCTION

On February 12, 2007, Dell brought suit against thirty-four (34) defendants, including This Old Store, for fraud, conversion, breach of reseller agreements, breach of contract, breach of employment agreements, tortious interference with business relations, wrongful inducement of others to breach contractual obligations, trademark infringement, false representation, unfair competition, copyright infringement, and related claims under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 et seq. (as amended), United States Copyright Act, 17 U.S.C. § 101 et seq. and Texas statutory and common law.  Through the use of aliases, fictitious company names, straw persons, misspelled addresses, sham transactions, and other false statements and ruses, all defendants in this action have acted in concert, presenting Dell with a web of deceit, fraud, and misrepresentation, in an attempt to subvert established contractual provisions, policies and procedures.

This Old Store now moves under Federal Rules 9(b) and 12(b)(6) to dismiss Dell's entire Complaint, alleging Dell has failed to state a single claim upon which relief can be granted.  Defendant's motion is completely without merit.  Indeed, its extensive clandestine practices and complicity in a conspiracy of deceit cannot be used as a sword for pillaging Dell's online sales offers and serve as the foundational shield to avoid a trial on the merits with respect to all of Dell's claims.  Certainly, many of Dell's claims, like, copyright infringement, trademark infringement, and unfair competition, are not grounded in fraud.  Nor is intent a required element to establish such claims.  More importantly, as set forth in greater detail below, Dell more than adequately pled all of the claims asserted in its Complaint, and the instant motion should be denied in its entirety.

**ARGUMENT AND AUTHORITIES**

I.      DELL HAS COMPLIED WITH THE REQUIREMENTS OF NOTICE
        PLEADING

        A.      The Standard for Granting a Motion to Dismiss

        In evaluating a motion to dismiss under Rule 12(b)(6), the court must decide whether the facts alleged in the Complaint, if true, would entitle the plaintiff to some legal remedy. See McArdle v. Mattel Inc., 456 F. Supp. 2d 769, 777 (E.D. Tex. 2006) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Further, the court must accept as true all well-pleaded allegations as well as any reasonable inferences to be drawn from them, and well-pleaded facts must be construed in favor of the plaintiff. Id.

        The Federal Rules of Civil Procedure require plaintiffs to set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Supreme Court has indicated that this rule should be strictly interpreted.  According to the Court, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). The requirements of Rule 8 are satisfied as long as the Complaint provides notice of the circumstances which give rise to the claim and sets forth sufficient information to either outline the elements of the claim or permit inferences to be drawn that the elements exist. See Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990).

        Pleading requirements must be sufficiently liberal to protect victims of deceit. Here, This Old Store's motion to dismiss for failure to state a claim is ill-conceived because it

essentially assumes that Dell must bear all evidence and prove its case at the pleadings stage of the litigation.   Dell's Complaint easily satisfies the liberal "notice pleading" requirement contemplated by the Federal Rules of Civil Procedure.  Defendant would have this Court dismiss the Complaint with prejudice and prior to any discovery notwithstanding the fact that, as pleaded in the Complaint, it improperly obtained computer systems at a fraction of their cost from Dell, used fictitious names and aliases to procure promotional quantities, discounts, and other rebates to which it was not entitled, provided products intended by Dell solely for end users to unauthorized accounts, intentionally interfered with Dell's business relations, intentionally induced Dell resellers to violate their contractual obligations to Dell through deception, blatantly and without authorization copied, displayed and distributed Dell's copyrighted product images, used Dell's famous name and trademarks without authorization, and intentionally made false representations to consumers concerning the nature and quality of products they have offered for sale bearing Dell's trademarks, including, but not limited to, false representations concerning warranty coverage.

The Fifth Circuit has recognized that dismissal under Rule 12(b)(6) is disfavored and only justified when plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  See In re U.S. Abatement Corp., 39 F.3d 556, 559 (5th Cir. 1994).  "The court must accept as true all material allegations in the Complaint as well as any reasonable inferences to be drawn from them." McArdle, 456 F. Supp. 2d at 777.  Moreover, "Rule 9(b) requires particularity in pleading *only* for those actions specifically enumerated by the rule - fraud or mistake. See Stubbs Collections, Inc. v. Davis, Civ. A. 3-99CV2440-P, 2000 WL 381947, at *5 (N.D. Tex. Apr. 14, 2000) (emphasis in original).

B.      Rule 9 Applies Only to Plaintiffs' Fraud Claim

Defendant This Old Store contends that the heightened pleading requirement of Rule 9, Fed. R. Civ P. 9(b), applies to all of Dell's claims, because they are all "substantially based on the same set of operative facts." (Answer at 3.)  However, the remaining claims in the instant Complaint are not grounded in fraud and do not require scienter so as to make Rule 9 applicable.

To establish fraud, a plaintiff must show the making of a false statement and the intent to defraud the victim. See Meineke Discount Muffler v. Jaynes, 999 F.2d 120, 126 (5th Cir. 1993).  However, intent is not a required element of the additional claims alleged by Dell. Neither the Copyright Act, the Lanham Act nor Texas statutory or common law governing infringement, dilution, or unfair competition require a showing of fraudulent intent to establish a violation.   In addition, Dell's copyright and trademark infringement, dilution, and unfair competition claims do not rest on allegations of fraud.  Therefore, these claims are not subject to the particularity in pleading requirements of Rule 9. See Stubbs Collections, Inc., 2000 WL 381947, at *4-6 (finding federal and common law claims of infringement and unfair competition are not subject to heightened pleading requirements of Rule 9(b) because scienter is not an element of the claims).

Dell's additional claims are also not subject to the heightened pleading requirements of Rule 9(b).  As one court has noted, "By its clear terms, Rule 9(b) applies only to averments of fraud or mistake. . . .  Exceptions arise when fraudulent conduct is alleged to underlie a claim for which fraud is a possible - but not a necessary - element." Tigue Inv. Co., v. Chase Bank of Texas, N.A., No. Civ. A. 3:03cv2490N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004)  When this is the case, particularity is only required to the extent the plaintiff

actually alleges fraud, and extends only to the circumstances constituting fraud. Id.  With the exception of Dell's actual fraud claim, fraud is not an element of any of the claims alleged in the Complaint.  Indeed, the only claim stated in the Complaint that alleges fraudulent conduct is Dell's claim for tortious interference with prospective economic advantage.  In regard to this claim, even if the Court were to determine Dell's fraud claim has not been pled with sufficient particularity, the claim would still stand.  "'Where averments of fraud are made in a claim in which fraud is not an element . . .the proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim as been stated.'" Id. at *3 (quotation omitted).

    C.  <u>Dell Has Properly Pled Its Claims</u>

      1.  **Federal Trademark Infringement**

There can be no question that Dell has properly pled a claim for trademark infringement under the Latham Act, 15 U.S.C. § 1114(1).  To establish a claim for trademark infringement, a plaintiff must prove that (1) it owns a protectable mark; (2) defendant has used, without plaintiff's permission, a reproduction, counterfeit, copy or colorable imitation of that mark; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of goods and services; and (5) such use by defendant is likely to cause confusion, or to cause mistake, or the deceive. See <u>Boston Prof'l Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc.</u>, 510 F.2d 1004, 1009-10 (5th Cir. 1975).  Dell has alleged each of these elements in numerous paragraphs of the Complaint, including Paragraph Nos. 46-47, 49-53, 55-59, 79-84, and 101-106.

Despite Dell's numerous allegations, Defendant misconstrues Dell's claim of trademark infringement.  Defendant alleges that "standing alone, sales of genuine trademarked products outside the confines of an authorized distribution system do not give rise to a cause of

action for trademark infringement. . ." (Answer at 6 (quoting <u>Fetzer v. House of Vacuums</u>, 381 F.3d 477, 484 n.3 (5th Cir. 2004).)  However, This Old Store's actions do not amount to merely selling genuine trademarked products.  Rather, as alleged in the Complaint, Defendant has made prominent and repeated use of Dell's name, marks and graphics in its advertisements and on its web site in a manner which suggests falsely that This Old Store is Dell, or is licensed, authorized, or sponsored by Dell. (Compl. at ¶ 56.)  Such conduct even violates the Terms and Conditions of Dell's Value Added Reseller Agreement and Defendant cannot use the contract as a safe harbor to avoid Dell's trademark infringement claims.  In addition, on information and belief, Defendant represented falsely to customers and prospective customers that the DELL computers and products it advertised, offered for sale and sold were covered by warranty provided by Dell. (Compl. at ¶ 57.)  The Fifth Circuit has recognized that resellers "may use a mark to advertise *truthfully* that they sell or repair certain branded products *so long as the advertisement does not suggest affiliation with or endorsement by the markholder*." <u>Scott Fetzer Co. v. House of Vacuums, Inc.</u>, 381 F.3d 477, 484 (5th Cir. 2004) (emphasis added).  On information and belief, Defendant has plainly offered goods with the false implication that its business and services are endorsed by Dell and that its products bear a Dell warranty. (Compl. ¶¶ 55-59.)  Such conduct constitutes trademark infringement under the Lanham Act.

Moreover, as a separate and additional basis for refusing This Old Store's motion, a complaint which presents claims turning on factual issues may not be dismissed based on Rule 12(b)(6). <u>See</u> <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 312 (5th Cir. 2002) (judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain); <u>Hobbs v. Hawkins</u>, 968 F.2d 471, 481 (5th Cir. 1992). This Circuit has repeatedly held that a conclusion as to whether a likelihood of confusion exists

is a question of fact, not law.  See Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 196 (5th Cir. 1998).  Accordingly, This Old Store's motion to dismiss Dell's trademark infringement claim should be denied.

### 2.    Federal Unfair Competition

In order to establish a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must allege that (1) the defendant has used plaintiff's name or mark or a false designation of origin or false or misleading description or representation of fact, (2) in connection with the goods or services in commerce, and (3) that the relevant group of buyers is likely to be confused as to the affiliation, connection, or association between defendant and plaintiff or as to the origin, sponsorship or approval of defendant's goods by plaintiff.  Dell has alleged each of these elements in numerous paragraphs of its Complaint, including Paragraph Nos. 51-53, 55-59, 79-80, and 85-90.  Moreover, the same set of facts that would support an action for infringement would also support an action for unfair competition. See Boston Prof'l Hockey Ass'n, 510 F.2d at 1010.  Therefore, Dell refers the Court to Section I.C.1. supra and requests that Defendant's motion be denied with respect to this claim as well.

### 3.    Copyright Infringement

Dell has alleged sufficient facts to support a claim of copyright infringement under 17 U.S.C. §§ 101 et seq.  Pursuant to the statute, a plaintiff must show that (1) it owns the copyright rights in issue; (2) there is substantial similarity between defendant's allegedly infringing work and plaintiff's work; and (3) the similarity is caused by defendant's copying of the copyrighted work. See MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc., 422 F. Supp. 2d 724, 733 (N.D. Tex. 2006).  Dell has alleged each of these elements in numerous paragraphs of its Complaint, including Paragraph Nos. 48, 54, 79-80, and 91-100.

Dell owns a copyright registration covering its website and the literary, photographic and graphic materials and photographs therein, which are original works of authorship fixed in a tangible medium of expression. (See Compl. ¶¶ 92-94.)  Dell owns all copyrights in such works, including the right to copy and display such works.  This Old Store had unimpeded and unlimited access to Dell's "Copyrighted Works" as defined in the Complaint. (See Compl. ¶ 96.)  Further Dell has asserted that a substantial similarity exists between the content and images copied and displayed by This Old Store and Dell's Copyright Works. (See Compl. ¶97.)  Such conduct has caused Dell to suffer damage. (See Compl. ¶ 99.)  As a result, Dell has sufficiently pled it claim for copyright infringement and Defendant's motion to dismiss this claim should be denied.

### 4.    Trademark Infringement - Texas Common Law

The elements of a claim for trademark infringement under Texas common law are identical to those required under federal law. See All American Builders, Inc. v. All American Siding of Dallas, Inc., 991 S.W.2d 484, 488 (Tex. App.-Fort Worth 1999) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law.").  Therefore, Dell refers the Court to Section I.C.1. supra and requests that Defendant's motion be denied with respect to this claim as well.

### 5.    Unfair Competition - Texas Common Law

Dell has adequately pled common law unfair competition.  Under Texas common law, plaintiff can prove a cause of action for unfair competition by showing (1) an illegal act by the defendant, (2) which interfered with the plaintiff's ability to conduct its business. See Laughlin Prods., Inc. v. ETS, Inc., 257 F. Supp. 2d 863, 871 n. 12 (N.D. Tex. 2002) (quoting Taylor Publ'g Co. v. Jostens, Inc., 216 F.3d 465, 486 (5th Cir.2000)), aff'd 68 F.App'x. 976 (5th

Cir. 2003).  Dell has presented a prima facie case of unfair competition in Paragraphs 51-53, 55-59, 79-80, and 107-111 of its Complaint.  Accordingly, Dell submits that Defendant's motion should be denied with respect to Dell's unfair competition claim.

### 6.        Injury to Business Reputation or Trade Name or Mark

Dell has alleged sufficient facts to make out a prima facie claim for injury to business reputation or trade name or mark under Texas Business and Commerce Code § 16.29. In order to state a claim under the statue, plaintiff must show that defendant's action is likely to injure plaintiff's business reputation or dilute the distinctive quality of plaintiff's mark regardless of whether there is competition between the parties or confusion as to the source of goods or services. See Tex. Bus. & Com. Code § 16.29 (Vernon 2006).  Dell has pled facts sufficient to state a claim of injury to business reputation in Paragraphs 55-59, 79-80, and 112-117 of its Compliant.  As a result, Defendant's motion concerning this claim is without merit and should be denied.

### 7.        Deceptive Trade Practices

Dell withdraws its cause of action for violation of the Deceptive Trade Practices Act.

### 8.        Fraud

To properly allege a claim of fraud under Texas common law, a plaintiff must show (1) a misstatement or omission (2) of material fact (3) made with intent to defraud (4) on which plaintiff relied (5) which caused plaintiff injury. See Ingalls v. Edgewater Private Equity Fund III, L.P., No. Civ. A H-05-1392, 2005 WL 2647962, at *3 (S.D. Tex. 2005).  Such claims must be pled with particularity. See Fed. R. Civ. P. 9(b).  The Fifth Circuit has interpreted this rule to require plaintiffs to allege the time, place and contents as well as the identity of the person

making the fraudulent statement and what they gained by so doing. See Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994). However, "when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge or control or where fraud occurred over an extended period of time and consists of numerous acts, the specificity requirements of Rule 9(b) are applied less stringently." U.S. ex rel. King v. Alcon Labs, Inc., 232 F.R.D. 568, 570 (N.D. Tex. 2005) (citing U.S. ex rel. Thompson v. Columbia Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997. Here, Dell has met its burden. (See Compl. at ¶¶ 64-66, 124-130, 132.)

The Complaint alleges that, on information and belief, prior to and after Dell's termination of This Old Store's status as a reseller, Defendant misstated its identity to Dell for the purpose of subverting Dell's sales, pricing, promotions, discounts, and rebates policies. Specifically, Defendant fraudulently used aliases, fictitious names, alternate accounts and addresses, and undisclosed agents and representatives, most recently Tela Technologies, for the purpose of circumventing Dell's termination of This Old Store's reseller status and other known restrictions and limits placed by Dell on certain promotions, coupons, discounts, or sales. Defendant also falsely claimed rebates for systems offered by Dell only to end-users and subsequently resold the systems to consumers, obtained DELL products at a fraction of their cost, for example acting through defendants John Ashby, Jason Reese, and Ed Fedorovich, to obtain monitors for $99 when such monitors were actually priced by Dell at $1000, and resold Dell systems to unauthorized accounts. (See Compl. at ¶¶ 64-66, 132.) Defendant undertook such unlawful actions to generate profits to which it was not entitled.

Defendant also claims that Dell's Complaint violates Rule 9(b) because it impermissibly groups all defendants together. However, where, as here, defendants have acted

in concert with each other and, on information and belief, knowingly and surreptitiously purchased products from Dell by using false and fictitious names of businesses and individuals to circumvent Dell's policies in order to wrongly acquire products from Dell to resell to third parties, group pleading is sufficient to meet the requirements of Rule 9(b) by giving Defendant sufficient notice of Dell's claims. See Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993) (purpose of Rule 9(b) is, *inter alia*, to provide notice to defendants).

The cases cited by Defendant are factually distinguishable in that they do not deal with defendants acting in concert or using fictitious names, false addresses, and numerous other ruses to evade detection.   Here, Defendant has gone to great lengths to avoid scrutiny. Defendant's creativity in attempting to elude discovery is exemplified by the difficulty encountered in tracking down and serving several of the defendants.  Process servers had to trace through a maze of false addresses and names, sorting through bad addresses and making repeated attempts at service for certain defendants who were apparently attempting to evade service of process.   In other instances, service was returned because some defendants failed to maintain appropriate records with the Secretary of State's office.   Defendant should not be allowed to benefit from its own surreptitious behavior and trickery by using procedural rules as a shield. Such a result would run counter to the intent behind the Federal Rules, which dictate that pleadings must 'be construed [so] as to do substantial justice." Fed. R. Civ. P. 8(f).   As the Supreme Court has stated, "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley, 355 U.S. at 48. Therefore, the Court should deny Defendant's motion as to Dell's fraud claim.

9.       **Conversion**

To state a claim for conversion under Texas common law, a plaintiff must allege an "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." Carson v. Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003) (quotation omitted).  Dell has stated a prima facie case of conversion in Paragraphs 65-66, 72, 79-80, and 131-136 of its Complaint. Specifically, Dell has alleged that Defendant obtained Dell products at a fraction of their costs through trickery and deceit, in contravention of Dell's right to control the sale and distribution of its products. See id.  For example, Defendant, acting through defendants John Ashby, Jason Reese, and Ed Fedorovich, obtained monitors for $99 when such monitors were actually priced by Dell at $1000. (See Compl. ¶ 132.)   Accordingly, Defendant's motion to dismiss Dell's conversion claim should be denied.

10.       **Breach of Contract**

Dell has stated a case for breach of contract under Texas common law.  To prove a breach of contract claim, the injured party must show (1) the parties entered a valid contract; (2) the plaintiff performed or tendered performance;  (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach. See Aquila Sw. Pipeline, Inc., v. Harmony Exploration, Inc., 48 S.W.3d 225, 235 (Tex. App.-San Antonio, 2001).  Dell has alleged each of these elements in numerous paragraphs of its Complaint, including Paragraph Nos. 60-61, 67, 79-80, and 137-140.  Defendant's motion to dismiss Dell's breach of contract claim is therefore without merit and should be denied.

11.    **Tortious Inducement of a Breach of Contract**

To state a claim for tortious inducement of a breach of contract, a plaintiff must allege (1) the existence of a contract, (2) a willful and intentional act of interference, (3) which caused plaintiff damage, and (4) resulted in actual damage or loss. See <u>MGE UPS Sys., Inc.</u>, 422 F. Supp. 2d at 740.  Dell has pled facts sufficient to state a claim of tortious inducement of a breach of contract in its Complaint, including Paragraph Nos. 69-71, 79-80, and 145-150. Therefore, Defendant's motion to dismiss this claim should be denied.

12.    **Tortious Interference with Prospective Economic Advantage**

To state a claim for tortious interference with prospective economic advantage under Texas common law, a plaintiff must allege (1) a reasonable probability that plaintiff would have entered into a business relationship, (2) an independently tortious act committed by defendant that prevented the prospective relations from occurring, (3) defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of the conduct, and (4) plaintiff suffered actual harm or damages as a result of defendant's actions. See <u>id</u>.  Dell has stated a prima facie claim for tortious interference with prospective economic advantage in Paragraphs 73, 79-80, and 151-157 of its Complaint.   Accordingly the Court should deny Defendant's motion to dismiss the above claim.

II.         <u>THE LAW DISFAVORS DISMISSAL</u>

It is widely recognized that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982).  As this court has noted, "'a court's discretion to dismiss a pleading without affording leave to amend is restricted by Rule 15(a),

which directs that leave to amend shall be freely given when justice requires.'" <u>Frith v. Guardian Life Ins. Co. of Am.</u>, 9 F. Supp. 2d 734, 743 (S.D. Tex. 1998) (quoting 2 Moore's Federal Practice § 9.03[4] (3d ed. 1997).  Therefore, should the Court find that Dell has failed to state a claim upon which relief may be sought, Dell should be granted leave to amend to bring its Complaint into compliance with Rules 9(b) and 12(b)(6).

III.        <u>DELL NEED NOT PLEAD WITH GREATER PARTICULARITY</u>

Contrary to Defendant's general request for Dell to revamp its entire Complaint to provide more particulars, Dell has fully complied with Rules 8 and 9 of the Federal Rules of Civil Procedure, set for sufficient facts to support all of the elements necessary to establish each of its claims against This Old Store and thereby, given Defendant adequate, fair notice of its egregious conduct and wrongdoing.  Accordingly, a more definite statement of Dell's claims is not required and Defendant's motion for such relief should be denied.

## CONCLUSION

For the reasons discussed herein, Dell respectfully requests that the Court deny in its entirety Defendant's Motion to Dismiss or for a More Definite Statement so this matter may proceed on the merits.

Respectfully submitted,

BAKER BOTTS L.L.P

Dated: March 29, 2007

  /s/ Paul R. Morico
Paul R. Morico
Attorney-in-Charge
Texas State Bar No. 00792053
Southern District of Texas Bar No. 19167
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston , TX 77002-4995
Phone: 713.229.1234
Fax: 713.229.1522
paul.morico@bakerbotts.com

ATTORNEYS FOR PLAINTIFFS
DELL INC. AND DELL MARKETING L.P.

OF COUNSEL:
Doreen L. Costa
Paul J. Reilly
BAKER BOTTS L.L.P
30 Rockefeller Plaza, 44th Fl.
New York, New York 10112
Tel.: 212.408.2500
Fax: 212.408.2501

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 29, 2007, a copy of Plaintiffs' Opposition to Defendant This Old Store's Motion to Dismiss or For More Definite Statement was served by electronic transmission or certified mail upon all known counsel.

___/s/ Paul R. Morico_____