# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DELL, INC., *et al.*, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-0561 |
| § | |
| THIS OLD STORE, INC., *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Motions to Dismiss filed by Defendants This Old Store, Inc. [Doc. # 49], John Ashby, Geodygm LLC, Bluetooth Communications, Sue Ashby, and Accuven (collectively, "Ashby Defendants") [Doc. # 58], Thomas Santilli [Doc. # 62], and 151 Enterprises LLC ("151 Enterprises") [Docs. # 71 and # 75]. The Motions to Dismiss have been fully briefed and are ripe for decision. Based on the Court's review of Plaintiffs' Complaint [Doc. # 1] and all matters of record, the Court **grants** the Motions to Dismiss, but will allow Plaintiffs to file an Amended Complaint.

## I. BACKGROUND

Plaintiffs Dell, Inc. and Dell Marketing, Inc. (collectively, "Dell") filed this lawsuit against thirty-four Defendants. Plaintiffs, without distinguishing among

Defendants, allege that the lawsuit "arises from the use of aliases, fictitious company names, straw persons, misspelled addresses, sham transactions, other false statements and ruses, and the use of Dell confidential information . . . to cause Dell to provide DELL products unwittingly to defendants at reduced pricing and in contravention of established contractual provisions, policies and procedures." *See* Complaint, ¶ 1. Plaintiffs assert federal causes of action for trademark infringement, unfair competition, and copyright infringement. Plaintiffs also assert state law causes of action for trademark infringement, unfair competition, injury to business reputation or trademark, fraud, conversion, breach of contract, tortious inducement of breach of contract, and tortious interference with prospective economic advantage.[1]

---

[1] Plaintiffs have withdrawn their Deceptive Trade Practices Act claim.

Various Defendants have filed Motions to Dismiss under Rule 12(b)(6),[2] arguing that Plaintiffs fail to state a claim for which relief can be granted under Rules 8 and 9 of the Federal Rules of Civil Procedure.

## II. <u>STANDARD FOR MOTION TO DISMISS</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g., Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1247, 1249-50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2 (5th Cir. Oct. 9, 2006) ("a Rule 12(b)(6) motion to dismiss for

---

[2]   151 Enterprises also moves to dismiss for lack of personal jurisdiction [Doc. # 71]. Plaintiffs bear the burden of establishing contacts with the forum state by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). The law does not require a court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

Additionally, the Ashby Defendants argue that, since Plaintiffs fail to state a claim for relief on their federal claims, the Court lacks subject matter jurisdiction and the case should be dismissed pursuant to Rule 12(b)(1).

Because Plaintiffs are required to file an Amended Complaint, they have an opportunity to allege sufficient facts to support this Court's exercise of personal jurisdiction over 151 Enterprises and to support this Court's subject matter jurisdiction based on the federal claims. If Plaintiffs fail to do so, 151 Enterprises may reurge its Motion to Dismiss for Lack of Personal Jurisdiction and the Ashby Defendants may reurge their 12(b)(1) motion.

failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."[3] *Id.* at 1965 n.3 (internal

---

[3] In a subsequent prisoner civil rights case, the Supreme Court held that a *pro se* prisoner's allegations were adequate where he alleged in the Complaint that he had hepatitis C, that the prison stopped providing him with his medication, and that his life was endangered as a result. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007). The Supreme Court noted that the prisoner "bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings." *Id.* In this case, however, Plaintiffs are represented by attorneys in a large, well-respected law firm and, rather than

(continued...)

quotation marks omitted). When the Complaint contains inadequate factual allegations, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of *facts* sufficient to warrant the pleaded

---

3 (...continued)
bolster their claim by making more specific allegations in their responses to the motions to dismiss, simply cited to paragraphs in the Complaint.

conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (emphasis added). Because the requirements of Rule 9 are more stringent than those for Rule 8, the Supreme Court's decision in *Twombly* applies with at least equal force to the Rule 9 pleading requirements.

## III. ANALYSIS

After identifying the parties and making generalized jurisdictional and venue allegations, Plaintiffs describe "Defendants' Wrongful Actions" beginning at paragraph 54 of the Complaint. Almost every paragraph begins "[o]n information and belief" and few paragraphs make any distinction among the thirty-four Defendants. The paragraphs in the section include only general allegations "on information and belief" with no factual specifics. For example, Plaintiffs allege that "Defendants made prominent and repeated use of Dell's name, marks and graphics in their advertisements and on their web site in a manner which suggested falsely that defendants were Dell, or were licensed, authorized, or sponsored by Dell." Complaint, ¶ 56. The allegation does not distinguish among the numerous various Defendants and does not identify any advertisements or other factual basis for the conclusory allegation. Similarly, Plaintiffs allege that This Old Store, Inc. and Santilli entered into contracts with Dell, then allege that Defendants – without distinction – breached contracts. *See* Complaint, ¶¶ 60, 61. As another example,

Plaintiffs allege, without factual specifics, that "Defendants have converted computer systems and other products from Dell." *See* Complaint, ¶ 72.

After setting forth broad, conclusory statements in paragraphs 54 through 76, and then making categoric statements regarding willfulness and damages, Dell then "realleges and incorporates herein by reference the allegations of paragraphs 1 through 80" and recites the elements of the various causes of action. For example, Plaintiffs' federal trademark infringement claim includes nothing more than the "realleges and incorporates" language, the statement that "Defendants' unauthorized use, advertising, marketing and sale of products under the DELL Marks, as alleged herein, is likely to deceive, mislead, and confuse the relevant public" and a statement that "Dell has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendants profit at Dell's expense." These "labels and conclusions" and formulaic recitations of the elements of a cause of action in a complex commercial case are inadequate under *Twombly*.

Defendants' motions are well-taken and are granted. Plaintiffs' responses to the motions were primarily to argue that the Complaint was adequate – under pre-*Twombly* standards[4] – and to cite to the Complaint by paragraph number. Nonetheless, there is a preference for deciding cases "on the merits rather than on the

---

[4] Plaintiffs filed their responses before the Supreme Court issued its decision in *Twombly*.

sufficiency of the pleadings . . ..." *See Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, *4 (N.D. Tex. June 21, 2007) (quoting *In re Am. Airlines, Inc. Privacy Litig*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005)).  Based on this preference and the interests of justice, the Court will give Plaintiffs the opportunity to file an Amended Complaint.  The new pleading must allege factual information of some specificity as to each Defendant.  It is necessary that Plaintiffs distinguish among the various Defendants and otherwise satisfy the pleading requirements of Rules 8 and 9 as clarified by *Twombly*.

## IV.   CONCLUSION AND ORDER

While it is questionable whether Plaintiffs' Complaint satisfies the requirements of Rules 8 and 9 under prior case law, it is clear that the pleading requirements as described by the United States Supreme Court in *Twombly* have not been met.  Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss [Docs. # 49, # 58, # 62, and # 75] are **GRANTED**.  It is further

**ORDERED** that Plaintiffs shall file by **July 23, 2007**, an Amended Complaint distinguishing among the various Defendants, including the factual basis for this Court's personal jurisdiction over each Defendant, and otherwise satisfying the requirements of Rules 8 and 9 under *Twombly*.  It is further

**ORDERED** that 151 Enterprises's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 71] is **DENIED WITHOUT PREJUDICE** to being reurged following its review of Plaintiffs' Amended Complaint.

SIGNED at Houston, Texas, this **2<u>nd</u>** day of **July, 2007.**

Nancy F. Atlas
United States District Judge