IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELL INC. and DELL MARKETING L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:07-cv-00561 |
| v. | § | |
| | § | |
| THIS OLD STORE, INC., THOMAS SANTILLI, | § | |
| TOMMIE OVERSTREET, JOHN ASHBY a/k/a | § | |
| JOHN WILEY, ACCUVEN, BLUE TOOTH | § | |
| COMMUNICATIONS, and GEODYGM, LLC | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS THIS OLD STORE,
SANTILLI, AND OVERSTREET TO DISMISS AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

STATEMENT OF ISSUES ............................................................................................. 2

SUMMARY OF DELL'S ARGUMENT ......................................................................... 2

ARGUMENT AND AUTHORITIES.............................................................................. 3

    I.    DELL HAS ADEQUATELY PLEADED ITS CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT, AND BREACH OF CONTRACT............................................................................................. 3

        A.  The Standard for Granting a Motion to Dismiss......................................... 3

        B.  Dell Has Properly Pled Its Claims ............................................................. 4

            1.  Federal Trademark Infringement ................................................... 4

            2.  Federal Unfair Competition ......................................................... 13

            3.  Trademark Infringement - Texas Common Law ................................. 13

            4.  Unfair Competition - Texas Common Law ...................................... 14

            5.  Injury to Business Reputation or Trade Name or Mark...................... 14

            6.  Copyright Infringement ............................................................... 14

            7.  Breach of Contract ..................................................................... 17

    II.   DELL HAS ADEQUATELY PLEADED ITS CLAIM FOR FRAUD........................... 19

    III.  DELL HAS SUFFICIENTLY ALLEGED DAMAGES CAUSED BY DEFENDANTS' CONDUCT ................................................................................................................. 23

CONCLUSION................................................................................................................ 25

# TABLE OF AUTHORITIES

## CASES

# TABLE OF AUTHORITIES

## CASES

All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.,
  991 S.W.2d 484 (Tex. App.-Fort Worth 1999)...................................................................13

Aquila Sw. Pipeline, Inc., v. Harmony Exploration, Inc.,
  48 S.W.3d 225 (Tex. App.-San Antonio 2001) .................................................................17

Bell Atlantic v. Twombly,
  __ U.S. __  127 S. Ct. 1955 (2007).................................................................................2, 3

Boston Prof'l Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc.,
  510 F.2d 1004 (5th Cir. 1975) .......................................................................................5, 13

Castleberry v. Branscum,
  721 S.W.2d 270 (Tex. 1987)..............................................................................................18

Corpus Christi Dev. Corp. v. Carlton,
  644 S.W.2d 521 (Tex. App.-Corpus Christi 1982).....................................................18, 19

Educ. Testing Svcs. v. Katzman,
  793 F.2d 533 (3rd Cir. 1986) .............................................................................................16

Elvis Presley Enters., Inc. v. Capece,
  141 F.3d 188 (5th Cir. 1998) .............................................................................................12

Exxon Corp. v. Oxxford Clothes, Inc.,
  109 F.3d 1070 (5th Cir. 1997) ...........................................................................................11

Graham v. Mary Kay Inc.,
  25 S.W.3d 749 (Tex. App.-Houston 2000).........................................................................6

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,
  313 F.3d 305 (5th Cir. 2002) .............................................................................................12

Heyman v. Salle,
  743 F. Supp. 190 (S.D.N.Y. 1989).....................................................................................16

Hobbs v. Hawkins,
  968 F.2d 471 (5th Cir. 1992) .............................................................................................12

Ingalls v. Edgewater Private Equity Fund III, L.P.,
    No. Civ. A H-05-1392, 2005 WL 2647962 (S.D. Tex. Oct. 17, 2005) ............................20

Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,
    677 F.2d 1045 (5th Cir. 1982) ...................................................................................3

Laughlin Prods., Inc. v. ETS, Inc.,
    257 F. Supp. 2d 863 (N.D. Tex. 2002) , aff'd 68 F.App'x. 976 (5th Cir. 2003)................14

MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.,
    422 F. Supp. 2d 724 (N.D. Tex. 2006) .........................................................................14

Mapinfo Corp. v. Spatial Re-Eng'g Consultants,
    No. 02-CV-1008, 2004 WL 26350 (N.D.N.Y. Jan. 5, 2004)..............................................11

McArdle v. Mattel Inc.,
    456 F. Supp. 2d 769 (E.D. Tex. 2006) ............................................................................4

NEC Elecs. v. CAL Circuit Abco,
    810 F.2d 1506 (9th Cir. 1987) ....................................................................................9

Nat'l Ass'n of Life Underwriters v. Clarke,
    761 F. Supp. 1285 (W.D. Tex. 1991)............................................................................24

Pabich v. Kellar,
    71 S.W.3d 500 (Tex. App.-Fort Worth 2002)...................................................................18

Patel v. Holiday Hospitality Franchising Inc.,
    172 F. Supp. 2d 821 (N.D. Tex. 2001) ...........................................................................20

Pebble Beach Co. v. Tour 18 I, Ltd.,
    942 F. Supp. 1513 (S.D. Tex. 1996), aff'd 155 F.3d 526 (5th Cir. 1998)......................5, 8

Perfect 10, Inc. v. Amazon.com, Inc.,
    487 F.3d 701 (9th Cir. 2007) ......................................................................................17

Portlock v. Perry,
    852 S.W.2d 578 (Tex. App.-Dallas 1993) .......................................................................19

Rolls-Royce Motor Cars, Inc. v. Schudroff,
    929 F. Supp. 117 (S.D.N.Y. 1996)...............................................................................11

Scott Fetzer Co. v. House of Vacuums, Inc.,
    381 F.3d 477 (5th Cir. 2004) ...........................................................................5, 6, 7, 8

See E. & J. Gallo Winery v. Gallo Cattle Co.,
    12 U.S.P.Q.2d 1657 (E.D. Cal. 1989), aff'd, 955 F.2d 1327 (9th Cir. 1992),
    amended, 967 F.2d 1280 (9th Cir. 1992) ..................................................................8

Shushany v. Allwaste, Inc.,
    992 F.2d 517 (5th Cir. 1993) ...................................................................................20

Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,
    365 F.3d 353 (5th Cir. 2004) .....................................................................................2

Sugar Busters, LLC v. Brennan,
    177 F.3d 258 (5th Cir. 1999) .....................................................................................5

Swatch S.A. v. New City, Inc.,
    454 F. Supp. 2d 1245 (S.D. Fla. 2006) ..................................................................9, 11

Sylvestre v. Oswald,
    no. 91 Civ. 5060, 1993 WL 179101 (S.D.N.Y. May 18, 1993).............................16

Szabo v. Errisson,
    68 F.3d 940 (5th Cir. 1995) ..................................................................................16, 17

Taylor Publ'g Co. v. Jostens, Inc.,
    216 F.3d 465 (5th Cir. 2000) ...................................................................................14

Tuchman v. DSC Commc'ns Corp.,
    14 F.3d 1061 (5th Cir. 1994) ...................................................................................20

U.S. ex rel. King v. Alcon Labs, Inc.,
    232 F.R.D. 568 (N.D. Tex. 2005) ............................................................................20

U.S. ex rel. Thompson v. Columbia Healthcare Corp.,
    125 F.3d 899 (5th Cir. 1997) ...................................................................................20

Volkswagenwerk Aktiengesellschaft v. Church,
    411 F.2d 350 (9th Cir. 1969) .....................................................................................6

## STATUTES

37 C.F.R. § 202.3(B)(4)..............................................................................................16

Fed. R. Civ. P. 8........................................................................................................1, 2, 3

Fed. R. Civ. P. 9(b) ................................................................................................2, 19, 20

Fed. R. Civ. P. 12(b)(6).............................................................................................2, 4, 12

United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 <u>et seq</u>.................................1

Lanham Act, 15 U.S.C. § 1114(1) .........................................................................................4

Lanham Act, 15 U.S.C. § 1125(a) .......................................................................................13

United States Copyright Act, 17 U.S.C. § 101 <u>et seq</u> .........................................................1, 14

Texas Bus. & Com. Code § 16.29 (Vernon 2006).............................................................14

## NATURE AND STAGE OF PROCEEDINGS

On February 12, 2007, Dell Inc. and Dell Marketing L.P. (collectively "Dell") brought suit against thirty-four (34) defendants for fraud, conversion, breach of reseller agreements, breach of employment agreements, tortious interference with business relations, wrongful inducement of others to breach contractual obligations, trademark infringement, false representation, unfair competition, copyright infringement, and related claims under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 et seq. (as amended), United States Copyright Act, 17 U.S.C. § 101 et seq. and Texas statutory and common law.

On July 2, 2007, the Court granted Motions to Dismiss filed by defendants This Old Store, Inc., Santilli, John Ashby, Geodygm LLC, Bluetooth Communications, Sue Ashby, Accuven, and 151 Enterprises LLC under Fed. R. Civ. P. 8 and 9, but gave Dell leave to file an Amended Complaint.

Pursuant to the Court's Order, Dell filed its Amended Complaint on July 23, 2007.[1]  On August 3, 2007, the Court held a status conference during which the Court expressed its satisfaction with the extensive detail in the Amended Complaint.  Nevertheless, Defendants This Old Store, Santilli and Overstreet filed a Motion to Dismiss the Amended Complaint on August 6, 2007.  Plaintiffs respectfully submit this memorandum in opposition to the Motion to Dismiss and request that such motion be denied in its entirety as Plaintiffs' claims are pled with sufficient specificity to provide Defendants with full and fair notice of the allegations against them so as to withstand scrutiny under Federal Rules of Civil Procedure 8, 9 and 12(b)(6).

---

[1] Since filing its original Complaint, Dell has reached settlements with or dismissed from the action all but seven defendants.

## STATEMENT OF ISSUES

1.      Has Dell pleaded sufficient facts to state a claim under Fed. R. Civ. P. 12(b)(6) for trademark infringement, copyright infringement, and breach of contract, in accord with Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader in entitled to relief" and the Supreme Court's ruling in Bell Atlantic v. Twombly, __ U.S. __ 127 S. Ct. 1955, 1965 (2007)[2], which requires sufficient factual allegations to raise a right to relief above the speculative level?

2.      Has Dell alleged sufficient facts to support its claim of fraud against each of the Defendants under Fed. R. Civ. P. 9(b), and this Circuit's case law which requires identification of the fraudulent statements, the speaker, the time and place where the statements were made and an explanation of why the statements were fraudulent? See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 362 (5th Cir. 2004) (quotation omitted).

3.      Has Dell alleged sufficient damages to state a claim under Fed. R. Civ. P. 12(b)(6), for fraud, breach of contract, inducement, and interference, in accord with Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader in entitled to relief" and the Supreme Court's ruling in Twombly, 127 S. Ct. at 1965, which requires sufficient factual allegations to raise a right to relief above the speculative level?

## SUMMARY OF DELL'S ARGUMENT

Defendants' motion to dismiss should be denied because Dell has pled facts sufficient to support the allegations in its Amended Complaint.  Contrary to Defendants' assertions, Dell is not required to prove its allegations at this stage of the proceedings as if the parties were at trial.  In accord with existing case law and the rules governing pleading, Dell has

---

[2] For the Court's convenience, copies of unreported decisions are attached hereto as Exhibit 1.

alleged in great detail that Defendants misrepresented and misused Dell's name and marks in a manner falsely suggesting affiliation with or sponsorship by Dell, misrepresented that their products were covered by DELL warranty, and offered for sale and sold products bearing DELL trademarks which were not genuine or legitimate products because they were not covered by Dell warranty.  These allegations are more than sufficient to withstand Defendant's motion to dismiss Dell's claims for trademark infringement, unfair competition, and dilution.  Dell's claim for copyright infringement is proper, as Dell's copyright registration protects its website and all underlying works therein, including the images blatantly copied by Defendants.  Dell properly states a cause of action for breach of contract against defendants Santilli and Overstreet as these defendants have used the corporate form to perpetrate a fraud and/or evade existing legal obligations as detailed in the Amended Complaint.  Further, Dell has provided specific detailed facts which support its allegations of fraud against these defendants.  Finally, Dell has pled numerous facts indicating how it has been damaged by Defendants' unlawful conduct.

## ARGUMENT AND AUTHORITIES

I.      DELL HAS ADEQUATELY PLEADED ITS CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT, AND BREACH OF CONTRACT

    A.      The Standard for Granting a Motion to Dismiss

The Fifth Circuit has recognized that a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).  The Federal Rules of Civil Procedure require plaintiffs to set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Such requirement is satisfied as long as the Amended Complaint provides a "'showing,' rather than a mere blanket assertion, of entitlement to relief." Twombly, 127 S. Ct. at 1965 n.3.

In evaluating a motion to dismiss under Rule 12(b)(6), the court must decide whether the facts alleged in the Amended Complaint, if true, would entitle the plaintiff to some legal remedy.  See McArdle v. Mattel Inc., 456 F. Supp. 2d 769, 777 (E.D. Tex. 2006) (citation omitted).  The court must accept as true all well-pleaded allegations and reasonable inferences to be drawn from them, and well-pleaded facts must be construed in favor of the plaintiff. Id.

Defendants' motion to dismiss for failure to state a claim is wholly without merit because it is based on the incorrect presumption that Dell must bear all evidence and prove its case at the pleadings stage of the litigation.  Rather than petitioning the Court for a ruling on the sufficiency of Dell's pleadings, Defendants ask the court to look beyond the pleadings to facts and argument outside the scope of what is permitted under Fed. R. Civ. P. 12, making Defendants' motion more akin to a motion for summary judgment than a motion to dismiss.  Dell has not only pleaded facts sufficient to state a prima facie case: it has raised genuine issues of material fact in response to the instant motion.  Therefore, Defendant's motion should be denied.

B.      Dell Has Properly Pled Its Claims

1.      **Federal Trademark Infringement**[3]

To establish a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), a plaintiff must prove that (1) it owns a protectable mark; (2) defendant has used, without plaintiff's permission, a reproduction, counterfeit, copy or colorable imitation of that mark; (3) such use was in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of goods and services; and (5) such use by defendant is likely to cause

---

[3] Three of the trademark registrations listed in the Amended Complaint, namely Reg. No. 2,373,817 DELL DOLLARS, Reg. No. 2,390,851 WWW.DELL.COM and Reg. No. 2,358,613 DELL TALK were cancelled by the Patent and Trademark Office after Dell filed its Complaint but before Dell filed its Amended Complaint.  Therefore, Dell withdraws its claim of federal trademark infringement as to these three marks.  However, Dell maintains its causes of action for common law trademark infringement, unfair competition, and dilution as to all marks listed in paragraph 29 of the Amended Complaint.

confusion, or to cause mistake, or to deceive. See Boston Prof'l Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc., 510 F.2d 1004, 1009-10 (5th Cir. 1975).  Dell has alleged each of these elements in its Amended Complaint, including in Paragraph Nos. 26, 27, 29-31, 43-47, 85, and 88-91.

Defendants misconstrue Dell's claim for trademark infringement, stating that "standing alone, sales of genuine trademarked products outside the confines of an authorized distribution system do not give rise to a cause of action for trademark infringement". (Defs.' Mot. Dismiss 2-3, Aug. 6, 2007) (quoting Scott Fetzer Co. v. House of Vacuums, Inc., 381 F.3d 477, 484 n.3 (5th Cir. 2004).)  However, the Amended Complaint alleges that Defendants' actions go far beyond merely selling genuine trademarked products.  Dell pleads that Defendants have made prominent and repeated use of Dell's name, marks and graphics in This Old Store's ads on eBay and on its web site in a manner which suggests falsely that they are licensed, authorized, or sponsored by Dell in violation of Section 32(a) of the United States Trademark (Lanham) Act. (Am. Compl. ¶ 41, 43-44.); see Pebble Beach Co. v. Tour 18 I, Ltd., 942 F. Supp. 1513, 1542 (S.D. Tex. 1996) (false representation of permission or authorization is trademark infringement under 32(a) of the Lanham Act), aff'd 155 F.3d 526 (5th Cir. 1998).  Defendants' excessive, prominent and unauthorized use of Dell's name and marks is far outside the limits set by the standard for any claimed fair use. See Sugar Busters, LLC v. Brennan, 177 F.3d 258, 270-71 (5th Cir. 1999) ("the fair-use defense allows a party to use a term in good faith to describe goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense.")

The Fifth Circuit has recognized that resellers "may use a mark to advertise *truthfully* that they sell or repair certain branded products *so long as the advertisement does not*

*suggest affiliation with or endorsement by the markholder*." Fetzer, 381 F.3d at 484 (emphasis

added); see Volkswagenwerk Aktiengesellschaft v. Church, 411 F.2d 350, 352 (9th Cir. 1969)

(defendant may not use plaintiff's mark in a manner which tends to deceive the public or suggest

affiliation with or sponsorship by plaintiff); Graham v. Mary Kay Inc., 25 S.W.3d 749, 754 (Tex.

App.-Houston 2000) ("Federal courts have found that distributors selling genuine merchandise

may nevertheless misappropriate a manufacturer's trademark if [their] use of the trademark could

have the effect of misleading the public as to [their] relationship with the manufacturer."). Here,

Defendants have plainly offered goods with the false implication that their business is endorsed

by Dell. Defendants have repeatedly used Dell's name and marks on their website and on eBay

in a way which suggests they are affiliated with Dell, and have posted images of a warehouse

loaded with Dell boxes which prominently display the Dell logo on their website and on eBay.

A consumer viewing these images will inevitably confuse this warehouse with one of Dell's

facilities, further suggesting Defendants are authorized or endorsed by Dell. In addition,

Defendants have touted This Old Store as "one of the World's Largest Sellers of New,

Refurbished and Used Dell Servers & Storage." Finally, Defendants have represented falsely to

customers and prospective customers that the DELL computers and products Defendants

advertised, offered for sale and sold were covered by a Dell warranty, when they were not. (Am.

Compl. ¶ 45.) The pleaded facts, which must be taken as true in the context of a motion to

dismiss, clearly establish a prima facie case of trademark infringement under the Lanham Act.

Defendants have simply misread the Fifth Circuit's holding in Fetzer. In contrast

to Defendants' assertion, Fetzer does not hold, or even state in dicta, that unauthorized sales of

genuine trademark product do not constitute infringement as a matter of law. Rather, Fetzer

upheld a district court ruling granting summary judgment on the grounds that plaintiff's ad did

not infringe the defendant's mark. 381 F.3d at 483. The court undertook a fact-intensive

analysis, going through the applicable digits of confusion point by point, and held that under the facts <u>as presented by the parties</u>, even in the light most favorable to defendant, no reasonable jury could conclude the plaintiff's <u>Yellow Pages</u> ad created a likelihood of confusion. <u>Id</u>. at 488-89

Moreover, Defendants' reliance on <u>Fetzer</u> for the proposition that the presence of a disclaimer in the context of a reseller selling a trademarked product "plainly would not" create a likelihood of confusion is misplaced. Defendants incorrectly claim that the facts of <u>Fetzer</u> are parallel to those of this case, in that "both cases involve resellers of trademarked products, and their websites disclaim affiliation with the manufacturers." (Defs.' Mot. Dismiss 3, Aug. 6, 2007.) In fact, the defendant in <u>Fetzer</u> was sued as a result of a <u>Yellow Pages</u> ad in which plaintiff's mark was listed fifth amongst 13 other brands of vacuum cleaners defendant repaired, rebuilt, and offered for sale. <u>See</u> <u>Fetzer</u>, 381 F.3d at 482. The ad at issue in <u>Fetzer</u> did not contain any disclaimer at all. <u>Id</u>. Rather, in dicta, the court compared two hypothetical ads to illustrate the point that, when evaluating the digits of confusion, the factors should not be applied mechanically, as that would give a false positive in any comparative advertising or parody case. <u>Id</u>. at 485. The <u>Fetzer</u> Court simply did not endorse the use of disclaimers in the reseller context.

Moreover, the <u>Fetzer</u> Court's example of a hypothetical advertisement by an independent vacuum dealer that would "plainly create a likelihood of confusion" contained the following language: "Your Kirby headquarters." <u>Fetzer</u>, 381 F.3d at 485. This language is strikingly similar in connotation to Defendants' use of Dell's name and marks on their website, e.g., "For over 5 years we have been one of the World's Largest Sellers of New, Refurbished and Used Dell Servers & Storage." (Am. Compl. ¶ 43, Ex. 5.) In addition, in <u>Fetzer,</u> the plaintiff's mark appeared only once in defendant's advertisement. In contrast, Defendants here have

repeatedly used Dell's marks, including prominently displaying Dell's marks in large, colorful font as the headings of several pages of This Old Store's website. (See Am. Compl. ¶ 44, Ex. 5.)

Defendants' intimation that Fetzer has abrogated existing precedent is baseless. Contrary to Defendants' misapplication of Fetzer, the use of disclaimers does not necessarily obviate the likelihood of confusion. See Pebble Beach Co., 942 F. Supp. at 1550 n.35. This is especially true when Defendants' disclaimer appears in small print and is inconspicuously located at the very bottom of its webpage. Id. at 1551. Indeed, Defendants' use of disclaimers has the potential to enhance confusion among consumers. See E. & J. Gallo Winery v. Gallo Cattle Co., 12 U.S.P.Q.2d 1657, 1676 (E.D. Cal. 1989), aff'd, 955 F.2d 1327 (9th Cir. 1992), amended, 967 F.2d 1280 (9th Cir. 1992) (use of disclaimer not appropriate remedy where it is likely disclaimer would cause consumer confusion). Defendants' use of a disclaimer is tantamount to an acknowledgement that their use of Dell's marks is likely to cause consumer confusion. See Pebble Beach Co., 942 F. Supp. at 1550 n.35. Moreover, Dell has sufficiently pled facts which support a prima facie case of trademark infringement, and the effect of Defendants' disclaimer is a disputed issue of fact on which Defendants inappropriately attempt to obtain a ruling in the context of a motion to dismiss.

Even if Dell's trademark infringement claims were based solely on Defendants' unauthorized resale of DELL products, their motion respecting these claims still must fail, as Defendants are not simply reselling genuine DELL goods. When consumers purchase DELL products from Defendants, consumers expect that such products are authentic, including both computer hardware and warranty support. As Dell has alleged and will prove at trial, Defendants have wrongfully encouraged this expectation by making false representations to customers and prospective customers that the computers and peripherals they offered for sale are covered by

warranty provided by Dell, when, in fact, they are not. (See Am. Compl. ¶¶ 45, 94.)  The absence of a warranty constitutes a material alteration such that the products are no longer genuine goods that properly bear the DELL marks. See Swatch S.A. v. New City, Inc., 454 F. Supp. 2d 1245, 1251 (S.D. Fla. 2006) (finding watches sold by defendant different from those sold by plaintiff because watches sold by defendant lacked warranty coverage).[4]   Therefore, Defendants' marketing and sale of such products under Dell's marks constitutes trademark infringement.

Defendants point to language that has been added to This Old Store's website in the hope of deflecting the Court's attention from Defendants' past wrongdoing and continued misuse of Dell's marks.  According to Defendants, in the event that a system is not covered under Dell's warranty, This Old Store will provide its own warranty.  However, as Dell will prove at trial, the products Defendants sell under Dell's marks do not and cannot come with a Dell warranty.

In view of concerns about theft and the integrity of a warranty program which extends only to original parts and parts installed by or with the authorization of the manufacturer or its dealers, many companies extend warranty coverage only to their original purchasers and void that warranty in the case of a resale.  In order to foster customer relations, Dell does extend its warranty coverage in certain resale contexts notwithstanding such concerns, but only pursuant to safeguards Dell has put into place.  Specifically, in order to obtain warranty coverage for a product purchased other than directly from Dell, the service tag affiliated with that product needs to be transferred to the current owner.  In situations such as here where Dell products were

---

[4] Defendants' discussion of NEC Elecs. v. CAL Circuit Abco, 810 F.2d 1506 (9th Cir. 1987) is irrelevant to the facts of this case.  In NEC, the issue before the court was "whether a United States subsidiary that sells certain goods in this country can sue under [the Lanham Act] if another company. . .buys the parent's identical goods abroad and then sells them here using the parent's true mark." 810 F.2d at 1508-9.  The case did not discuss in any way whether defendant's sale of the products in the absence of a warranty constituted a material alteration of the goods.  In fact, the parties in that case stipulated at the outset that the products defendant was selling were genuine. Id. at 1508.

purchased through aliases not for end use, but for resale in contravention of Dell's Terms and Conditions, there is no valid way to transfer the warranty.  This requirement ensures that the product or the service tag number has not been stolen and that the systems and parts covered by warranty are original and were installed by Dell or an authorized party.

Here, This Old Store purchased products from Dell for resale using third party names and aliases.  As a result, when customers purchased products from This Old Store they could not validly transfer the Dell warranty.  These customers found that their products were not covered by Dell warranty thus making them ineligible for service. (See Am. Compl. ¶¶ 45-46.)  The Defendants' blatant misrepresentations concerning the legitimacy of their products and warranty coverage for such goods constitute a clear violation of federal law.  Defendants' willingness to provide their own warranty was and is not sufficient to correct their false statements or to transform the products they offered for sale and sold into genuine Dell products.

Defendants also argue that Dell has admitted that a consumer's purchase of DELL products from a third party, such as from an online auction website, does not terminate Dell's warranty.  However, this statement mischaracterizes the information provided on Dell's website, which states that "warranty coverage may remain after purchase from auction site or third party." (Defs.' Mot. Dismiss Ex. D, Aug. 6, 2007 (emphasis added).)  This statement does not mean that Dell's warranty automatically transfers from the seller to the buyer of Dell products sold online, regardless of the circumstances under which such products were obtained from Dell and offered for resale.  Rather, it means that in Dell's sole discretion, Dell may choose to honor its warranty even after a prohibited transaction has taken place in order to avoid harm to its reputation and maintain goodwill toward its brand.  Dell's decision to maintain warranty coverage after purchase of a DELL product from an auction site or third party in limited circumstances does not

constitute a permanent waiver of Dell's Terms and Conditions of Sale, and should not shield Defendants from liability for trademark infringement. See Swatch, 454 F. Supp. 2d at 1251.

Moreover, even if Defendants were selling genuine Dell articles, such conduct does not preclude an action for unauthorized use of Dell's marks or for unfair competition based on misrepresentations to the public as to Defendants' status as authorized Dell resellers. See Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 127 (S.D.N.Y. 1996) (denying defendant's motion to dismiss trademark infringement and unfair competition claims on the grounds that defendant sold only genuine Rolls-Royce products); Mapinfo Corp. v. Spatial Re-Eng'g Consultants, No. 02-CV-1008, 2004 WL 26350, at *4 (N.D.N.Y. Jan. 5, 2004) (same).

a    Dell Clearly Owns the Marks at Issue

Defendants also claim that dismissal of Dell's claims for trademark infringement, unfair competition and dilution is proper because "Plaintiffs do not own the trademarks in issue." (Defs.' Mot. Dismiss 2, 8-9, Aug. 6, 2007.)  On this point, Defendants are simply wrong.  In fact, as to each trademark asserted in this suit, an assignment has been recorded in the Patent and Trademark Office placing record ownership of all marks in the name of plaintiff Dell Inc.  A copy of the trademark assignment detail is attached hereto as Exhibit 2.  Defendants needed only to conduct the most basic search of the Trademark Office records to have learned this information.  Further, and contrary to Defendants' assertions, Dell Inc. uses the DELL marks in commerce as alleged in the Amended Complaint.  That Dell Inc. may operate in part through wholly owned subsidiaries which are licensed to use the DELL marks does not undermine its standing, but rather solidifies it. See Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1079 (5th Cir. 1997) ("Where a registered mark . . . is or may be used legitimately by related

companies, such use shall inure to the benefit of the registrant . . . [and] shall not affect the validity of such mark or of its registration") (quoting §5 of the Lanham Act, 15 U.S.C. § 1055)).

In addition, as a related entity of Dell Inc., Dell Marketing L.P. directly benefits from the use of the DELL marks and registrations at issue with regard to the marketing and sale of computer systems and peripherals, and is harmed by infringement of those marks. Indeed, the strength and integrity of the DELL marks directly impacts on Dell Marketing L.P.'s business and provides just cause for its standing in this action. Therefore, Defendants' request for dismissal on the ground that Plaintiffs do not own and/or use the marks at issue must fail.

b    Dell's Trademark Infringement Claim Turns on Factual Issues

Further, as a separate and independent basis for refusing Defendants' motion, a complaint which presents claims turning on factual issues may not be dismissed based on Rule 12(b)(6). See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain); Hobbs v. Hawkins, 968 F.2d 471, 481 (5th Cir. 1992). This Circuit has repeatedly held that a conclusion as to whether a likelihood of confusion exists is a question of fact, not law. See Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 196 (5th Cir. 1998). Here, Defendants attempt to obtain a ruling on disputed issues of fact in the context of a motion to dismiss. For example, the impact of a disclaimer on consumer confusion is a factually charged issue. They repeatedly cite cases in which a court has either denied a motion for summary judgment or addressed an issue after a trial on the merits in an attempt to transform Dell's burden of proof to require absolute substantiation of each pleading. However, the standard of proof required to obtain summary judgment or in an appellate proceeding is markedly different from what Dell must show to overcome Defendants' motion to dismiss.

Indeed, at this stage Dell need only plead facts necessary to state a <u>prima facie</u> case which it has ardently done; Dell need not prove all such facts at the inception of the action.  Accordingly, Defendants' motion to dismiss Dell's trademark infringement claim should be denied.

### 2.      **Federal Unfair Competition**

In order to establish a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must allege that (1) the defendant has used plaintiff's name or mark or a false designation of origin or false or misleading description or representation of fact, (2) in connection with the goods or services in commerce, and (3) that the relevant group of buyers is likely to be confused as to the affiliation, connection, or association between defendant and plaintiff or as to the origin, sponsorship or approval of defendant's goods by plaintiff.  Dell has alleged each of these elements in numerous paragraphs of its Amended Complaint, including Paragraph Nos. 29-31, 43-47, and 93-96.  Moreover, the same set of facts that would support an action for trademark infringement under Section 32(a) of the Lanham Act also support an action for unfair competition under Section 43(a) of the Lanham Act. <u>See</u> <u>Boston Prof'l Hockey Ass'n</u>, 510 F.2d at 1010.  Therefore, Dell refers the Court to Section I.B.1. <u>supra</u> and requests that Defendants' motion be denied with respect to this claim as well.

### 3.      **Trademark Infringement - Texas Common Law**

The elements of a claim for trademark infringement under Texas common law are identical to those required under federal law. <u>See</u> <u>All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.</u>, 991 S.W.2d 484, 488 (Tex. App.-Fort Worth 1999) ("The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law.").  Therefore, Dell refers the Court to Section I.B.1. <u>supra</u> and requests that Defendants' motion also be denied with respect to this claim.

4.      **Unfair Competition - Texas Common Law**

Dell has adequately pled common law unfair competition.  Under Texas common law, plaintiff can prove a cause of action for unfair competition by showing (1) an illegal act by the defendant, (2) which interfered with the plaintiff's ability to conduct its business.  See Laughlin Prods., Inc. v. ETS, Inc., 257 F. Supp. 2d 863, 871 n.12 (N.D. Tex. 2002) (quoting Taylor Publ'g Co. v. Jostens, Inc., 216 F.3d 465, 486 (5th Cir. 2000)), aff'd 68 F.App'x. 976 (5th Cir. 2003).  Dell has presented a prima facie case of unfair competition in Paragraphs 31-33, 43-47, 85-87, and 114-117 of its Amended Complaint.  Accordingly, Dell submits that Defendants' motion should be denied with respect to Dell's unfair competition claim.

5.      **Injury to Business Reputation or Trade Name or Mark**

Dell has alleged sufficient facts to make out a prima facie claim for injury to business reputation or trade name or mark under Texas Business and Commerce Code § 16.29, which requires that plaintiff show defendant's action is likely to injure plaintiff's business reputation or dilute the distinctive quality of plaintiff's mark regardless of whether there is competition between the parties or confusion as to the source of goods or services.  See Tex. Bus. & Com. Code § 16.29 (Vernon 2006).  Dell has pled facts sufficient to state a claim of injury to business reputation in Paragraphs 43-47, 85-87, and 119-124 of its Amended Complaint.  As a result, Defendants' motion concerning this claim is without merit and should be denied.

6.      **Copyright Infringement**

Dell has alleged sufficient facts to support a claim of copyright infringement under 17 U.S.C. §§ 101 et seq.  Pursuant to the statute, a plaintiff must show that (1) it owns the copyright rights in issue; (2) there is substantial similarity between defendant's allegedly infringing work and plaintiff's work; and (3) the similarity is caused by defendant's copying of the copyrighted work.  See MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc., 422 F. Supp. 2d

724, 733 (N.D. Tex. 2006).  Dell has alleged each of these elements in numerous paragraphs of its Amended Complaint, including Paragraph Nos. 28, 48 and 98-107.

Dell owns a copyright registration covering its entire website, including the literary, photographic and graphic materials therein, which are original works of authorship fixed in a tangible medium of expression. (See Am. Compl. ¶¶ 28, 99.)  Dell owns all copyright rights in such works, including the right to copy and display the works.  Defendants had unimpeded access to Dell's "Copyrighted Works" as defined in the Amended Complaint. (See id. ¶ 96.) Further, Dell has asserted that a substantial similarity exists between the content and images copied and displayed by Defendants on This Old Store's website and Dell's Copyrighted Works. (See id. ¶97.)  Indeed, there can be no question that Defendants blatantly lifted copyrighted images from Dell's website for use on their own website.  That is classic copyright infringement. Such conduct has caused Dell to suffer damage. (See id. ¶ 99.)  Therefore, Defendants' motion to dismiss this claim should be denied.

Defendants' allegation that Dell does not hold a copyright registration for the photographic and graphic materials depicted on Dell's website is without merit.  Dell's registration clearly identifies the nature of the work as a "website" and indicates the nature of authorship is "2-Dimensional artwork" and "Text."  As specified in the instructions to Form VA, the application required by the Copyright Office for registration of copyright in a visual art work, "2-Dimensional artwork" includes, *inter alia*, "computer graphics; graphics appearing in screen displays."  In contrast, "Photographs" are identified as "pictorial photographic prints and slides and holograms."  Attached hereto as Exhibit 3 is a copy of the instructions to Form VA (emphasis added).  Moreover, Dell's copyright registration clearly identifies the website as a compilation which consists of "the creation of original text[,] literary works[,] graphics and

images and the compilation of text, graphics and other images into the context of a website."
(<u>See</u> Am. Compl. Ex. 1.)  Therefore, Defendants' contention is baseless.

Furthermore, the regulations governing registration of copyrights provide that, in the context of published works such as Dell's website at issue, "[f]or the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work: . . . all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same."  37 C.F.R. § 202.3(B)(4)(A).  The Fifth Circuit has recognized that, in accord with section 103(b) of the Copyright Act, "the copyright in a compilation extends to the constituent materials contributed by the author." <u>Szabo v. Errisson</u>, 68 F.3d 940, 944 (5th Cir. 1995) (quoting <u>Educ. Testing Svcs. v. Katzman</u>, 793 F.2d 533, 539 (3rd Cir. 1986)).  In <u>Szabo</u>, the Court addressed an issue of first impression, namely, whether copyright for a "collection" of individual songs, where the individual song titles were not listed separately on the copyright registration, extends copyright protection to the entire collection plus the individual songs therein. <u>Id</u>. at 942.  The court held that a copyright for a collection of songs extends protection to both the collection as a whole and the individual songs included within that collection regardless of whether the titles of those songs were included on the copyright registration. <u>See id</u>. at 944; <u>Sylvestre v. Oswald</u>, no. 91 Civ. 5060, 1993 WL 179101, at *2 (S.D.N.Y. May 18, 1993) (same); <u>see also</u> <u>Heyman v. Salle</u>, 743 F. Supp. 190, 193 (S.D.N.Y. 1989) (photographs in a copyrighted book that were taken by the author of the book were protected as an original work and part of a copyrighted work).

Defendants impose the unwarranted burden on Dell of separately registering each image and textual reference rather than protecting its entire website by one registration.  Such a

burden is not supported by existing law.  Here, Dell is the owner of the compilation and the constituent materials that make up the compilation.  In accord with <u>Szabo</u>, the protection afforded by Dell's copyright registration extends beyond its website compilation to include the underlying works, encompassing the text and images appearing on the website.  Further, the Court may consider Defendants' infringement of copyrighted works owned by Dell that have not been registered with the United States Copyright Office.  See <u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 487 F.3d 701, 710 n.1 (9th Cir. 2007) ("Once a court has jurisdiction over an action for copyright infringement under section 411 [of the Copyright Act], the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered."). Defendants' allegation that Dell's images are not protected is meritless, and its request for dismissal of Dell's copyright claim must be denied.

### 7.   **Breach of Contract**[5]

Dell has stated a case for breach of contract under Texas common law.  To prove a breach of contract claim, the injured party must show (1) the parties entered a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract;  and (4) the plaintiff was damaged as a result of that breach.  See <u>Aquila Sw. Pipeline, Inc., v. Harmony Exploration, Inc.</u>, 48 S.W.3d 225, 235 (Tex. App.-San Antonio 2001).   Dell has

---

[5] In an attempt to discredit Dell's allegations of breach of contract, Defendants assert that the Amended Complaint misstates the contents of Dell's order database.  In fact, the spreadsheet attached as Exhibit 4 to the Amended Complaint clearly shows Defendants placed orders with Dell that were shipped directly from Dell to third-party addresses in violation of their reseller agreements and Dell's Terms and Conditions of Resale.  Contrary to Defendants' suggestion, the "system quantity" column to which Defendants refer does not show all products ordered; it only encompasses actual computer systems, e.g., Dell PowerEdge® or Dell PowerVault.®  It does not include so-called "Non-Tied Peripherals," which would encompass all related computer parts and accessories, monitors, etc.  Further, Defendants' contention that the orders on the spreadsheet cancel each other out is neither accurate nor relevant.  Rather, in the instances to which Defendants refer, Defendants placed orders using This Old Store's customer accounts and paid for the orders, which were shipped directly from Dell to third parties, in breach of Defendant's contractual agreements with Dell.  Whether such products were later exchanged or returned is irrelevant to the inquiry of whether Defendants breached their contracts with Dell: the information supplied on the spreadsheet amply proves that they did.  In addition, Defendants' contention that the spreadsheet is inaccurate because it only lists transactions that occurred after Dell terminated This Old Store's account is incorrect, as the "Order Date Year" column refers to the fiscal year in which the order was placed, not the actual calendar year.

alleged each of these elements in numerous paragraphs of its Amended Complaint, including Paragraph Nos. 34-35, 39-42, 49-52 and 139-142.

Defendants allege that Dell's breach of contract claim should be dismissed as to defendants Santilli and Overstreet because only This Old Store was a party to the contracts with Dell. While it is true that Santilli signed the Reseller Agreements in his capacity as president of This Old Store and Overstreet did not sign the contracts, that does not preclude Santilli and Overstreet from liability. Under Texas law, courts disregard the corporate fiction when, as here, the corporate form has been used as part of an unfair scheme to achieve an inequitable result, e.g., when the fiction is used as a means of perpetrating a constructive fraud or evading an existing legal obligation. See Castleberry v. Branscum, 721 S.W.2d 270, 271-73 (Tex. 1987). When an officer participates in a wrongful breach of contract, liability will attach because the law does not permit corporate officers to use the corporate veil as a shield to justify wrong. See Corpus Christi Dev. Corp. v. Carlton, 644 S.W.2d 521, 523 (Tex. App.-Corpus Christi 1982).

As stated in Dell's Amended Complaint, Santilli and Overstreet own, supervise, control and/or operate the day to day operations of This Old Store, including the unlawful activities engaged in by This Old Store, and have a direct financial interest in such unlawful activities. Dell alleges and will prove at trial that Santilli and Overstreet had knowledge of, directed, controlled, supervised, and took action that contributed to the unlawful activities engage in by This Old Store. (See Am. Compl. ¶¶ 5-6.) A corporate officer may be held individually liable for a corporation's tortious conduct if he knowingly participates in the conduct or has either actual or constructive knowledge of the tortious conduct. See Pabich v. Kellar, 71 S.W.3d 500, 508 (Tex. App.-Fort Worth 2002).

In <u>Corpus Christi Dev. Corp.</u>, the defendant appealed the trial court's finding of defendant's liability for breach of contact.  Defendant claimed that there was no evidence to support a judgment of individual liability for breach of contract where he signed the contract in his role as president of the defendant corporation and not in his individual capacity.  The court upheld the trial court's judgment on the ground that evidence in the record indicated defendant participated in a wrongful breach and defendant was therefore liable individually.  See <u>Corpus Christi</u>, 644 S.W.2d at 522-23.   Likewise here, Santilli knowingly signed the Reseller Agreements with Dell on behalf of This Old Store and he and Overstreet knowingly breached the agreements through their affirmative acts, including the repeated willful surreptitious purchase of DELL products from inappropriate divisions of Dell, the resale of Dell products to unauthorized accounts, and the resale of products without adding value, such as by incorporating hardware, software, or services.   As the only owners and operators of the corporation, Santilli and Overstreet wrongfully breached their contracts with Dell in order to obtain profits, promotional pricing, quantities of products, discounts, and other concessions to which they were not entitled. That this conduct was carried out through This Old Store, the company the Santillis founded and operate, does not shield them from liability. See <u>Portlock v. Perry</u>, 852 S.W.2d 578, 582 (Tex. App.-Dallas 1993) (an officer's instigating, aiding, or abetting the wrongdoing of the corporation constitutes participation subject to liability).  Defendants' motion to dismiss Dell's breach of contract claim is without merit and should be denied.

II.         <u>DELL HAS ADEQUATELY PLEADED ITS CLAIM FOR FRAUD</u>

Pursuant to Federal Rule of Civil Procedure 9, Fed. R. Civ. P. 9(b), a Plaintiff must state with particularity the circumstances constituting fraud.  To properly allege a claim of fraud under Texas common law, a plaintiff must show (1) a misstatement or omission (2) of material fact (3) made with intent to defraud (4) on which plaintiff relied (5) which caused

plaintiff injury. See Ingalls v. Edgewater Private Equity Fund III, L.P., No. Civ. A H-05-1392, 2005 WL 2647962, at *3 (S.D. Tex. Oct. 17, 2005).  Further, a plaintiff must allege the time, place and contents as well as the identity of the person making the fraudulent statement and what they gained by so doing. See Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994).   However, "when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge or control or where fraud occurred over an extended period of time and consists of numerous acts, the specificity requirements of Rule 9(b) are applied less stringently." U.S. ex rel. King v. Alcon Labs, Inc., 232 F.R.D. 568, 570 (N.D. Tex. 2005) (citing U.S. ex rel. Thompson v. Columbia Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997).  Here, Dell has met its burden. (See Am. Compl. ¶¶ 50-52, 58, 61, 77-78, 85-87, 125-132.)

Defendants claim Dell's fraud allegations are insufficient and assert that Patel v. Holiday Hospitality Franchising Inc., 172 F. Supp. 2d 821, 824-825 (N.D. Tex. 2001) requires Dell to plead "the who what, when, where and how, *plus* the person to whom the misrepresentations were made, the means by which they were made, and whether they were oral or written." (Defs.' Mot. Dismiss 14, Aug. 6, 2007.)  Defendants' reading of Patel is inaccurate. In fact, Patel recites the requirements of a fraud allegation as, at a minimum, "the time, place, and contents of the false representation as well as [the identity] of the speaker who made the misrepresentation and what that person obtained thereby." Id. at 824.  Dell has adequately provided information which addresses each of the requirements of Rule 9 as to Defendants.

As this circuit has recognized, the central purpose behind the heightened pleading requirements of Rule 9 is to give Defendants sufficient notice of Dell's claims. See Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993) (purpose of Rule 9(b) is, *inter alia*, to provide notice to defendants).  Here, Dell has supplied ample notice of its fraud claim as to each of the

Defendants.  As alleged in the Amended Complaint, Santilli, working in concert with defendant Ashby, repeatedly misrepresented to Dell that he was ordering product on behalf of third parties when, in fact, such product was ordered on behalf of This Old Store.  For example, between September 2004 and January 2005, Santilli purchased over $750,000 of products from Dell on behalf of This Old Store.  In an attempt to circumvent Dell's reseller policies and pricing, however, Santilli placed the orders in the name of ARA Business Automation ("ARA"). Defendant Santilli, located in Florida, and defendant Ashby, located in Texas, intentionally misrepresented the purchaser of the products to defraud and trick Dell into providing products in quantities and at pricing that Dell would not have provided had Santilli and Ashby honestly represented the true identity of the purchaser.  Dell relied on these false representations as to the consumer's identity in selling Santilli and This Old Store products at discounted pricing to which they were not entitled, causing Dell to lose money on the sales. (See Am. Compl. ¶¶ 50, 57.)

Likewise, Dell has adequately pled its claim of fraud as to defendant Overstreet. As alleged in the Amended Complaint, between March 21, 2005 and May 10, 2005, Overstreet, located in Florida, placed orders with Dell representatives in Texas by falsely misrepresenting to Dell that she was purchasing products for use by a company called I-Net Communications ("I-Net") when in fact she was purchasing DELL products for defendants Santilli and This Old Store, whose Dell account had been suspended.  Overstreet's false representations were made with the intent to deceive Dell, and did deceive Dell, into believing I-Net was a legitimate business operating in accord with Dell's published policies and procedures and entitled to discounted pricing, when in fact Overstreet was intentionally misrepresenting her true identity and that of I-Net to Dell for the purpose of obtaining Dell products for resale by Defendants This Old Store and Santilli.  But for Overstreet's fraudulent representations, Dell would not have sold

the products to her.  As a result, Dell sold products to Overstreet and at pricing it would not have had it known the truth, causing Dell to lose money on the sales. (See Am. Compl. ¶ 51.)

As discussed above and in the Amended Complaint, Defendants have fraudulently misrepresented their identities to Dell representatives through the use of aliases, fictitious names, alternate accounts and addresses, and undisclosed agents and representatives, including Bargain Central, EAG Holdings LLC, I-Net, Edward Gerald, Eric Chen, ARA, Geodygm and Tela Technologies, for the purpose of circumventing Dell's termination of This Old Store's reseller status and other known restrictions and limits placed by Dell on certain promotions, coupons, discounts, or sales.  Defendants have also falsely claimed rebates for systems offered by Dell only to end-users and subsequently resold the systems to consumers, and obtained DELL products at a fraction of their cost by contravening Dell's policies and procedures.  Defendants undertook such unlawful actions to generate profits to which they were not entitled, causing financial harm to Dell. (See Am. Compl. ¶¶ 50-52, 57, 61, 77, 78.)

Indeed, Defendants have gone to great lengths to continue their schemes and avoid scrutiny.  Their creativity in attempting to elude discovery is exemplified by the difficulty encountered in tracking down and serving several of the defendants named in the original Complaint, including defendant Overstreet.  According to the Affidavit of Service filed with the Court, when the process server attempted to serve Overstreet, defendant Santilli denied that there was a Tommie Overstreet at the address.  When Mrs. Santilli a/k/a Overstreet finally confirmed her identity, the Santillis refused to accept the papers, and told the process server "Congratulations on a good job.  These are going in our garbage." (Aff. Svc. 115.)  Defendants should not be allowed to benefit from their own surreptitious behavior and trickery by using procedural rules as a shield.  Such a result would run counter to the intent behind the Federal

Rules, which dictate that pleadings must 'be construed [so] as to do substantial justice." Fed. R. Civ. P. 8(f).  As the Supreme Court has stated, "the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957), abrogated on other grounds, Twombly, 127 S. Ct. 1965 (2007).  In light of the foregoing, the Court should deny Defendants' motion as to Dell's fraud claim.

III.        DELL HAS SUFFICIENTLY ALLEGED DAMAGES CAUSED BY
            DEFENDANTS' CONDUCT

Defendants' assertion that Dell has pleaded no facts in support of its damages claims is also without merit.  Dell has pleaded numerous facts which indicate it has been damaged by Defendants' conduct, including: (i) Defendants' misrepresentations concerning their identities to deceive Dell into selling them products at severely discounted "acquisition" pricing, intended only for new accounts for which Defendants did not qualify; (ii) Defendants' actions in concert with defendant Ashby to obtain DELL products at steeply discounted rates intended for end users only, again for which they did not qualify; (iii) Defendants' resale of products in violation of their agreements with Dell, thereby diverting sales from Dell; and (iv) Defendants' trading off of Dell's name and reputation to lure customers into purchasing products from Defendants instead of directly from Dell.[6] (See Am. Compl. ¶¶ 38-52, 61, 78, 85-87, 90, 96, 106,

---

[6] It is baffling that Defendants claim Dell "[n]o longer alleg[es] that it unwittingly sold products to these defendants" and merely "sold products at prices it set itself and agreed to in advance, with no discounts unknown to it." (Defs.' Mot. Dismiss 18, Aug. 6, 2007.)  Dell asserts time and again in the Amended Complaint that Defendants (i) used undisclosed agents and aliases to obtain Dell products surreptitiously and at discounted prices to which they were not entitled and (ii) placed orders with Dell business units other than the appropriate reseller division to circumvent Dell's reseller policies and promotional restrictions for undue financial gain. (See, e.g., Am. Compl. ¶¶ 50-52, 54, 59, 70, 74, 76-78.)  Defendants' assertion that Dell voluntarily lost money on discounted pre-2005 sales also misses the point, as Defendants' discussion of the sales practices of Dell's refurbished product division is inapposite to the facts of this case.  Through fraud, Defendants deceived Dell into selling to them under the pretense that such products were for end use, when in fact Defendants intended to, and did, resell those products at a mark-up in price. Dell believed it was selling to new accounts and extended "acquisition" pricing to those new accounts with the

111, 117, 122-123, 130, 141, 149, 151, 155, 157, 159.)   Moreover, the full extent of Dell's injuries is not yet ascertainable, as no discovery has been conducted in this case.

Again, Defendants present argument as though moving for summary judgment, citing cases which do not reflect the burden of proof necessary to overcome a motion to dismiss. According to Defendants, Dell must not only plead facts which support its allegations, but must provide concrete proof of those facts to avoid dismissal.   Such evidence is not required at this stage of the proceedings.   Dell has pled facts necessary to state a prima facie case and, in response to Defendant's inappropriate allegations, has raised a genuine issue of material fact as to the extent of its damage.   Therefore, Defendants' motion to dismiss should be denied.

In addition, Defendants' tortious actions threaten to damage and destroy the market for Dell's products and services, causing further direct harm to Dell.   These injuries to Dell are distinct, palpable and actual, not merely abstract or hypothetical. See Nat'l Ass'n of Life Underwriters v. Clarke, 761 F. Supp. 1285, 1288 (W.D. Tex. 1991).   For the reasons discussed above, Defendants' motion to dismiss Dell's claims for fraud, breach of contract, tortious inducement, and interference with prospective economic advantage must fail.

---

assumption Dell would make up for any loss by acquiring those accounts as repeat customers.  In reality, Defendants fraudulently obtained loss leader pricing only to turn around and sell at a markup, generating profits that Dell would have made had it sold to end users directly or priced the systems it sold to Defendants consistent with the pricing it typically offered resellers.

**CONCLUSION**

For the reasons discussed herein, Dell respectfully requests that the Court deny in its entirety Defendants' Motion to Dismiss so this matter may proceed on the merits.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: August 27, 2007

/s/ Paul R. Morico
Paul R. Morico
Attorney-in-Charge
Texas State Bar No. 00792053
Southern District of Texas Bar No. 19167
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston , TX 77002-4995
Phone: 713.229.1234
Fax: 713.229.1522
paul.morico@bakerbotts.com

ATTORNEYS FOR PLAINTIFFS
DELL INC. AND DELL MARKETING L.P.

OF COUNSEL:
Doreen L. Costa
Paul J. Reilly
BAKER BOTTS L.L.P
30 Rockefeller Plaza, 44th Fl.
New York, New York 10112
Tel.: 212.408.2500
Fax: 212.408.2501

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 27, 2007, a copy of Plaintiffs' Opposition to Defendants' This Old Store, Santilli, and Overstreet's Motion to Dismiss the Amended Complaint was served by electronic transmission or certified mail upon all known counsel.


/s/ Paul R. Morico