IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELL, INC., *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-0561 | |
| § | | |
| THIS OLD STORE, INC., *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the second Motions to Dismiss filed by Defendants John Ashby, Accuven, Bluetooth Communications and Geodygm LLC (collectively, "Ashby Defendants") [Doc. # 128], and by This Old Store, Inc., Thomas Santilli, and Tommie Overstreet (collectively, "Santilli Defendants") [Doc. # 129]. These Motions to Dismiss have been fully briefed and are ripe for decision. The Court has reviewed Plaintiffs' Amended Complaint [Doc. # 125] and all matters of record.[1] Based on this review and application of relevant legal authorities, the Court **denies** the Motions to Dismiss.

---

[1] The Court has considered Plaintiffs' Motion for Leave to File Surreply [Doc. # 139], the Surreply attached thereto, the Santilli Defendants' Opposition to Plaintiffs' Motion [Doc. # 144], and Plaintiffs' Reply [Doc. # 145]. The Court grants the Motion for Leave to File Surreply.

## I.  BACKGROUND

Plaintiffs Dell, Inc. and Dell Marketing, Inc. filed this lawsuit alleging that Defendants used various means to cause Dell unwittingly to provide them with Dell's products at reduced prices which they planned to resell using Dell's trademarks. Plaintiffs assert federal causes of action for trademark infringement, unfair competition, and copyright infringement.  Plaintiffs also assert state law causes of action for trademark infringement, unfair competition, injury to business reputation or trademark, fraud, conversion, breach of contract, tortious inducement of breach of contract, and tortious interference with prospective economic advantage.

Various Defendants moved to dismiss Plaintiffs' original complaint for failure to plead the causes of action with adequate factual particularity.  The Court granted the Motions to Dismiss, but permitted Plaintiffs to file an Amended Complaint.  *See* Memorandum and Order [Doc. # 117].  Plaintiffs filed the Amended Complaint [Doc. # 125], asserting the same causes of action but providing detailed factual allegations to support the claims.  Plaintiffs alleged that Defendants, including the Ashby Defendants and the Santilli Defendants, engaged in a scheme to misrepresent their respective identities in order to obtain Dell products at lower prices than they would otherwise be entitled.  Specifically, Plaintiffs alleged that the Ashby Defendants misrepresented their identity to obtain the Dell products, then supplied the products to

the Santilli Defendants. Plaintiffs alleged that the Santilli Defendants then resold Dell's products in a manner that was confusing to consumers and that violated Dell's marketing practices and trademark rights.

The Ashby Defendants and the Santilli Defendants filed Motions to Dismiss the Amended Complaint, arguing that Plaintiffs failed to allege a federal cause of action. Defendants argue that, absent complete diversity or a federal claim, the Court lacks subject matter jurisdiction over this lawsuit. Defendants also argue that the Amended Complaint does not contain adequate factual allegations and, therefore, fails to state a claim for which relief can be granted.

## II.   ANALYSIS

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that Plaintiffs have failed to assert a federal cause of action and, therefore, the Court lacks subject matter jurisdiction. A defendant may challenge a court's jurisdiction over a claim through a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "[W]here issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004). "In circumstances where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for

the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id.* (internal quotations omitted).

In this case, Defendants' challenge to this Court's subject matter jurisdiction is based entirely on their position that Plaintiffs have not adequately asserted a federal claim. Because the challenge to subject matter jurisdiction is based on a challenge to the adequacy of the federal claims presented in the Amended Complaint, the Court will assume jurisdiction and decide the Motions to Dismiss under the Rule 12(b)(6) standard.

### B. Rule 12(b)(6) Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g., Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1247, 1249-50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2 (5th Cir. Oct. 9, 2006) ("a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8"). The complaint must be liberally construed in favor of the plaintiff and all

well-pleaded facts taken as true.  *See Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).  Motions to dismiss are viewed with disfavor and are rarely granted.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The plaintiff is obligated, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting

*Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of *facts* sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (emphasis added). Because the requirements of Rule 9 are more stringent than those for Rule 8, the Supreme Court's decision in *Twombly* applies with at least equal force to the Rule 9 pleading requirements.

### C. Federal Claims

Plaintiffs in the Amended Complaint assert federal claims for trademark infringement, unfair competition, and copyright infringement based on Defendants' alleged resale of Dell products using the Dell's trademarks and misrepresenting the existence and nature of Dell original warranties covering the resold products. Plaintiffs adequately allege facts supporting each federal claim.

To state a federal claim for trademark infringement under 15 U.S.C. § 1114, the plaintiff must allege that a defendant used "(1) any reproduction, counterfeit, copy or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *See Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975); *see also ICEE Distributors, Inc. v. J&J Snack Foods*

*Corp.*, 445 F.3d 841, 844 (5th Cir. 2006). Plaintiff Dell, Inc. alleges that it is the owner of various trademarks registered in the United States Patent and Trademark Office, that the registrations are currently valid, and that Plaintiffs have continually used the trademarks for approximately seventeen years.[2] *See* Amended Complaint, ¶¶ 29-31. Plaintiffs allege that the Santilli Defendants, acting together in concerted activity, used reproductions of Dell's trademarks, without consent, to market and sell fraudulently-acquired Dell products in a manner likely to cause consumer confusion because Defendants misrepresented the existence and nature of Dell's warranties. *See, e.g, id.*, ¶¶ 43, 45.

To state a federal claim of unfair competition under 15 U.S.C. § 1125(a), a plaintiff must allege: "(1) the commercial use of a false or misleading designation of origin or description or representation of fact; (2) the representation is likely to cause confusion . . .; and (3) resulting damages." *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, 2007 WL 1113088, *4 (W.D. Tex. Apr. 4, 2007); *see also Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823 (5th Cir. 1998). Plaintiffs have alleged each of these elements in the Amended Complaint. *See, e.g.*, Amended Complaint, ¶¶ 94, 96.

---

[2]   Defendants argue that Dell does not own the trademarks or, alternatively, that the trademarks are not currently valid. The well-pleaded allegations in Plaintiffs' Amended Complaint must be accepted as true for purposes of the Motions to Dismiss. *See Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

To state a federal claim of copyright infringement under 17 U.S.C. § 101, *et seq.*, a plaintiff must allege (1) that it owns a valid copyright and (2) that a defendant copied original, copyrightable elements of the work. *See MGE UPS Systems, Inc. v. Fakouri Elec. Engineering, Inc.*, 422 F. Supp. 2d 724, 733 (N.D. Tex. 2006) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004)). Plaintiffs allege against the Santilli Defendants each element of their federal copyright infringement claim. *See, e.g.*, Amended Complaint, ¶¶ 48, 99, 105.

Defendants argue that Plaintiffs' trademark infringement and unfair competition claims are barred by Defendants' use of a disclaimer. While Defendants' evidence that they have used disclaimers may cause the fact-finder eventually to resolve disputed facts in their favor, Plaintiffs have *alleged* consumer confusion notwithstanding any disclaimers.[3] As a result, dismissal at this stage of the proceedings is inappropriate.

Defendants also argue that Plaintiffs' federal trademark and unfair competition claims are barred by the "first sale" rule. The "first sale" rule provides that trademark law generally does not preclude the resale of genuine goods bearing a true mark even

---

[3] Defendants' evidence of any disclaimers is beyond the scope of a Motion to Dismiss pursuant to Rule 12(b)(6).

though such resale is unauthorized, *i.e.*, without the mark owner's consent.[4] *See Icee Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 845 (5th Cir. 2006); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 484 n.3 (5th Cir. 2004); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1303 (5th Cir. 1997); *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 590 (5th Cir. 1993). "Once a trademark owner sells his product, the buyer *ordinarily* may resell the product under the original mark without incurring any trademark law liability." *Martin's Herend*, 112 F.3d at 1303. To benefit from the "first sale" rule, the reseller must "tell the truth, and the whole truth, and . . . tell it plainly." *See Dan-Foam A/S v. Brand Named Beds, LLC*, __ F. Supp. 2d __, 2007 WL 1346609, *14 (S.D.N.Y. May 4, 2007) (quoting *Champion Spark Plug Co. v. Sanders*, 156 F.2d 488, 491-92 (2d Cir. 1946)). Therefore, when the reseller does not tell the whole truth and the unauthorized resale of a trademarked product causes consumer confusion, "the purposes of trademark law have been frustrated, and the trademark owner is therefore entitled to relief." *Dan-Foam* at *13.[5] The "first sale" doctrine is similarly inapplicable

---

[4]   Although not raised by the parties in their briefing on the pending Motions to Dismiss, it is unclear whether the "first sale" doctrine would apply where the "first sale" – from the trademark holder to the defendant – was fraudulently obtained.

[5]   In *Dan-Foam*, the defendant moved for summary judgment on the plaintiffs' federal trademark infringement claim based on, *inter alia*, the "first sale" doctrine. The district court denied the motion for summary judgment, in part because a reasonable juror could find that
(continued...)

if the unauthorized resales are materially different from the original product. *See id.*; *see also Swatch S.A. v. New City, Inc.*, 454 F. Supp. 2d 1245, 1249 (S.D. Fla. 2006). It is a question of fact whether the absence of a warranty renders the resold product "materially different." *See Dan-Foam* at *16; *Swatch*, 454 F. Supp. 2d at 1251.

In this case, Plaintiffs allege that Defendants are using the Dell trademark to resell Dell products in a manner that confuses consumers – some of whom are identified by name in the Amended Complaint. *See, e.g.*, Amended Complaint, ¶ 64. Specifically, Plaintiffs allege that the resold products are materially different because, contrary to representations by Defendants, the resold products do not include a valid and authentic Dell original warranty. *See id.*, ¶ 45. Whether or not Defendants caused consumer confusion by indicating that they were reselling products covered by the Dell warranty is a question of fact that must be resolved either on summary judgment or at trial. Dismissal under Rule 12(b)(6) is not appropriate.

Plaintiffs have alleged an adequate factual basis for their federal claims and, as a result, the Court **denies** Defendants' Motions to Dismiss the federal trademark infringement, unfair competition, and copyright infringement claims.

---

[5]   (...continued)
the absence of a manufacturer's warranty constituted a material difference between the original mattress sold by the plaintiffs and the mattress resold by the defendant.

**D.    State Law Claims**

Plaintiffs assert state law causes of action for trademark infringement, unfair competition, injury to business reputation or trademark, fraud, conversion, breach of contract, tortious inducement of breach of contract, and tortious interference with prospective economic advantage.[6]  The elements of a state law claim for trademark infringement and unfair competition are the same as for the two claims under federal law.  As is discussed more fully above, Plaintiffs have adequately alleged these two claims.

Plaintiffs adequately allege the remaining state law claims as to which Defendants identify specific deficiencies.  Indeed, the factual allegations in the Amended Complaint are extensive and detailed.  With reference to the conversion claim, Defendants argue that Plaintiffs fail to state a claim because they do not allege that they demanded return of the property and Defendants refused to comply.  Under Texas law, a "plaintiff must demand return of the property if the defendant legally obtained possession." *Piper v. Edwards*, 2006 WL 561778, *4 (Tex. App. – Houston [14th Dist.] 2006) (citing *Presley v. Cooper*, 155 Tex. 168 (1955)).  In this case,

---

[6] Although Defendants seek dismissal of all state law claims in the Amended Complaint, they do not identify any specific deficiencies in Plaintiffs' allegations regarding the injury to business reputation, tortious inducement of breach of contract, or tortious interference with prospective economic advantage claims.  The Court will not, however, entertain further motions to dismiss based on Rule 12(b)(6).

Plaintiffs allege that Defendants unlawfully obtained possession of the Dell products through fraud and deceit, not by legal means. As a result, the Court will not dismiss the conversion claim for failure to allege a demand for return of the property.

Plaintiffs allege their fraud claim with adequate particularity as required by Rule 9 of the Federal Rules of Civil Procedure. They allege factually those statements they contend were fraudulent, they identify the defendant who made the allegedly fraudulent statements, they allege facts indicating when and where the statements were made, and they explain clearly why they believe the statements were fraudulent. *See, e.g.*, Amended Complaint, ¶¶ 45, 51, 59-61, 63-65.

Plaintiffs adequately allege their breach of contract claim and, while Defendants may prove to be correct that the claim may not survive against Defendants who were not a party to the contract(s) at issue, Plaintiffs allege facts to support their legal theory of liability for those non-party Defendants.[7]

Defendants dispute the accuracy of many of the facts alleged in the Amended Complaint and the applicability of various legal theories. Plaintiffs, however, have

---

[7] Plaintiffs argue that, under Texas law, courts disregard the corporate fiction and hold the participating corporate officers liable where the corporation has been used as part of a fraudulent scheme. *See* Plaintiffs' Opposition to Santilli Defendants' Motion to Dismiss [Doc. # 134], at 18 (citing *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1987); *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521 (Tex. App. – Corpus Christi 1982)).

sufficiently alleged facts to support each cause of action and thereby avoid dismissal under Rule 12(b)(6). The Motions to Dismiss the state law claims are denied.

## IV.    CONCLUSION AND ORDER

Plaintiffs in their Amended Complaint have adequately alleged facts to support each cause of action. Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss [Docs. # 128 and # 129] are **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Leave to File Surreply [Doc. # 139] is **GRANTED**.

SIGNED at Houston, Texas, this **3rd** day of **October, 2007.**

_____
Nancy F. Atlas
United States District Judge