## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DELL, INC., *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0561 |
| | § | |
| THIS OLD STORE, INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Compel Arbitration [Doc. # 136]

filed by Defendants John Ashby, Accuven, Bluetooth Communications, and Geodygm

LLC (collectively, the "Ashby Defendants"), to which Plaintiffs Dell, Inc. and Dell

Marketing, Inc. filed their Response in Opposition [Doc. # 142].  Defendants neither

filed a Reply nor requested an extension of time to do so.  Having reviewed the record

and the governing legal authorities, the Court denies the Motion to Compel Arbitration.

Plaintiffs allege that the Ashby Defendants fraudulently misrepresented their

identities in order to trick Plaintiffs into selling Dell products to them at reduced

pricing.  Plaintiffs allege specifically that the Ashby Defendants purchased the Dell

products for resale.  The Ashby Defendants do not dispute that they resold Dell

products to third parties.

The Ashby Defendants filed this Motion to Compel Arbitration, asserting that arbitration is mandatory under Dell's Terms and Conditions of Sale.  Plaintiffs assert that the Ashby Defendants purchased the Dell products for resale and that the contract applicable to such purchases does not contain an arbitration provision.  The Ashby Defendants have not responded.

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)).  Therefore, the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute.  *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).  "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties."  *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted).

In this case, it is undisputed that the Ashby Defendants purchased the Dell products from Plaintiffs for resale to third parties.  It is uncontroverted that the contract that applies to the purchase of Dell products for resale does not contain an arbitration

provision.  Accordingly, Plaintiffs and the Ashby Defendants do not have a valid agreement to arbitrate the dispute in this case.  It is, therefore,

**ORDERED** that the Motion to Compel Arbitration [Doc. # 136] is **DENIED**. The case remains scheduled for a pretrial conference on October 31, 2007.

SIGNED at Houston, Texas, this **4**[th] day of **October, 2007.**

Nancy F. Atlas
United States District Judge